MAREK v. CITY OF ALPENA.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   In determining whether trial court erred in directing verdict for defendant, Supreme Court must accept plaintiff's testimony and version of case.

2. TRIAL—PLAINTIFF'S RIGHT TO HAVE HIS THEORY OF CASE GO TO JURY.
   Where there was evidence to support plaintiff's theory of case, he had right to have it go to jury.

3. MOTOR VEHICLES—EXCESSIVE SPEED—APPLICATION OF RULE AS TO STOPPING WITHIN ASSURED CLEAR DISTANCE—DEFECT IN HIGHWAY.
   Rule that automobile driver is required to drive at such speed that he can stop within assured clear distance ahead applies

On driving automobile at speed which prevents stopping within length of vision as negligence, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

in case of collision with objects not part of road, but has no application where he is injured by running into hole or bump in road.

4. SAME—CONTRIBUTORY NEGLIGENCE—NO DUTY TO ANTICIPATE DEFECT IN HIGHWAY.

Auto driver who had not been over road before, and who was not familiar with way bridge was constructed, was not chargeable with duty of anticipating bump in approach thereto.

5. SAME—MUNICIPAL CORPORATIONS—DEFECTIVE HIGHWAY—DIRECTED VERDICT.

In action by automobile driver against city for injuries alleged to have resulted from defendant's negligence in maintaining approach to bridge, and that bump or sharp rise therein caused plaintiff to lose control of his car, where there was evidence to support his theory, trial court was in error in directing verdict for defendant.

6. MUNICIPAL CORPORATIONS—NARROW BRIDGE—FAILURE TO POST—DEFECTIVE HIGHWAY.

Failure of city to post narrow bridge, as required by 1 Comp. Laws 1929, § 4541, *held*, to have no causal relation to accident sued on alleged to have been caused by bump or sharp rise in approach to bridge.

Appeal from Alpena; Smith (Fred P.), J. Submitted April 5, 1932. (Docket No. 2, Calendar No. 36,022.) Decided June 6, 1932. Rehearing granted September 14, 1932. See 261 Mich. 154.

Case by Constantine Marek against the City of Alpena, a municipal corporation, for damages alleged to be due to negligent maintenance of a bridge. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Isadore Isackson,* for plaintiff.

*Carl R. Henry,* for defendant.

McDONALD, J. This action was brought to recover damages which the plaintiff claims he sustained because of the negligence of the defendant in main-

taining a bridge in an unsafe and dangerous condition for travel on Chisholm street in the city of Alpena, Michigan.

The bridge spans Thunder Bay river at the outskirts of the city. It is of wooden construction and was built to replace a concrete bridge which had been washed out by flood some years before. The two ends of the concrete bridge were left, and the floor of the new bridge connected with these abutments. It was made of timber and planks covered with tarvia and was 100 feet long. The approach at the northwest end over which the plaintiff drove the night of the accident is 20 feet long and begins with a width of about 25 feet but narrows to a width of 12 feet as it reaches the wooden flooring of the new bridge. The plaintiff claims there is a bump or sharp rise in the approach at the point where it connects with the floor of the bridge. He testified that he approached the bridge at about 11:30 o'clock in the evening of September 11, 1930; that, on account of the atmospheric conditions due to fog and dust, the visibility was such that he could see only 25 feet ahead; that his lights were on and his brakes in good condition; that when he reached the approach to the bridge he was driving at a speed of 25 or 30 miles an hour and could stop within a distance of 50 feet; that he saw the bridge when he was 15 or 20 feet away; that he continued up the approach at a speed of about 25 miles an hour; that when his automobile hit the bump or sharp rise in the grade he was thrown from his seat and lost control of his car; that it ran along and over some timbers on the side of the floor of the bridge for a considerable distance, then crashed through the railing and into the river.

The defendant claims that the bridge was in a reasonably proper and safe condition for travel;

that the approach was level and uniform with no sharp rise or bump; and that the plaintiff's injuries were caused by his own negligence in driving at such an improper speed that he could not stop within the distance that he could see objects ahead of him, and, being unable to stop when the bridge appeared in sight 15 or 20 feet away, he ran into the railing, which gave way and allowed him to drop into the river.

The trial court held that the defendant was negligent in not having the bridge posted as required by 1 Comp. Laws 1929, § 4541, but directed a verdict against the plaintiff on the ground that the proximate cause of the injury was his negligence in driving at such a speed that he was unable to stop his car within the assured clear distance ahead.

The only question in the case is whether the court erred in directing a verdict.

In disposing of this question we must accept the plaintiff's version of the accident and his testimony as to the condition of the bridge. We are not concerned with the defendant's testimony where it conflicts with that of the plaintiff on a material point in the case. We think it was a failure to give full effect to the plaintiff's proof that led the court to a wrong conclusion in directing a verdict for the defendant. He applied the rule that the driver of an automobile must drive at such a speed that he can stop within the distance that objects can be seen ahead of him. But that rule had no application to the theory of the plaintiff's testimony. It applied to the defendant's theory, but not to the plaintiff's. According to the plaintiff's testimony, the proximate cause of the accident was a bump or sharp rise in the road where the approach meets the floor of the bridge; that driving over this bump caused him to be thrown from his

seat, lose control of his car and crash through the railing into the river. Under that theory, the fact that he was driving so fast that he could not stop within the assured clear distance ahead had nothing to do with the accident. It was not the proximate cause. And it was not claimed by the defendant that speed had anything to do with throwing plaintiff from his seat and causing him to lose control of his car. On the contrary, defendant offered proof to show that a man driving at a speed of 25 miles an hour could not be thrown from his seat by passing over that bump. The plaintiff had a right to have the case go to the jury on his theory if there was evidence to support it, and there was. He produced as a witness Samuel Tokoly, an engineer who had examined the bridge and was familiar with its structure. He testified:

"The main timbers of the present wooden structure were laid on top of the old bridge floor, which would make the floor of the wooden structure the thickness of that timber higher than the old concrete floor.

"*The Court:* So that do I understand then that right where the end of the wooden bridge rests on the old cement bridge the wooden bridge is a foot and a half higher than the floor of the old cement bridge?

"*A.* That is right."

John Nelson also testified in behalf of the plaintiff. He had been road commissioner of Alpena county and claimed experience in building roads and bridges. Of this bridge he said:

"Well, the bridge is built with a bump at both ends. * * *

"*Q.* Do you know the rise of that bump?

"*A.* Oh, I should judge three or four feet."

The witness reduced the size of the bump as he continued his testimony, but he left it large enough for the purpose of the plaintiff's case.

Now, a violation of the rule that a driver must drive his car at such a speed that he can stop within the assured clear distance ahead does not preclude his recovery for injuries in a case where they are caused by running into a hole or bump on the road. The assured clear distance rule is applied when there is collision with trucks or other objects not a part of the road. In this case the plaintiff testified that he had never been over the bridge before and was not familiar with the way it was constructed. In the circumstances he was not charged with the duty of anticipating a bump in the approach to the bridge. He had a right to assume that it was reasonably fit and safe for travel. His testimony showed negligence on the part of the defendant and freedom from negligence on his part. To "believe it or not" was for the jury and not for the court. The court erred in directing a verdict for the defendant.

As the case must be retried, it may be helpful to say that on this record the only negligence shown on the part of the defendant that could proximately cause the injury was the maintaining of the bridge with a dangerous rise or bump in the approach. It was not required to light the bridge, and negligence in failure to post it as required by the statute had no causal relation to the accident.

The judgment is reversed, and a new trial granted, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.