MAREK *v.* CITY OF ALPENA.

1. Appeal and Error—Directed Verdict.

   In deciding whether trial court was right in directing verdict for defendant, Supreme Court must construe testimony most favorably to plaintiff.

2. Motor Vehicles — Municipal Corporations — Negligence — Bridges.

   Where in action by automobile driver against city for alleged negligence in maintaining approach to bridge, there was evidence to support plaintiff's theory of case, he was entitled to have it submitted to jury, although there was some confusion in record as to actual condition of bridge.

Appeal from Alpena; Smith (Fred P.), J. Submitted April 5, 1932. (Docket No. 2, Calendar No. 36,022.) Decided June 6, 1932. Submitted on rehearing October 13, 1932. Decided January 3, 1933.

Case by Constantine Marek against the City of Alpena, a municipal corporation, for damages alleged to be due to negligent maintenance of a bridge. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted. Former opinion affirmed on rehearing.

*Isadore Isackson,* for plaintiff.

*Carl R. Henry,* for defendant.

(On Rehearing.)

McDonald, C. J. In our former opinion (258 Mich. 637) we reversed the judgment because the

On question for jury as to proper construction of bridge where injury occurred, see annotation in 67 L. R. A. 268.

court erred in directing a verdict in favor of the
defendant on the ground that there was no evidence
of negligence on its part. We based our conclusion
on evidence showing that there was a bump or sharp
rise at the point where the approach connects with
the floor of the bridge. The question on rehearing
is whether there was any such evidence.

The record shows that John Nelson, an experi-
enced bridge builder and former county commis-
sioner of roads, testified as follows in response to a
question as to how the bridge was built:

"Well, the bridge is built with a bump at both
ends. * * *
"Q. Do you know the rise of that bump?
"A. Oh, I should judge three or four feet."

Samuel Tokoly, an engineer, testified that there
was a rise of one and a half feet from the level of
the old bridge floor to the level of the new bridge
floor.

"Q. Can you tell the jury how that rise was at-
tained in the construction of the bridge?
"A. I believe with timbers. * * * There were
timbers laid on top of the old concrete floor. I can't
tell you just the size of them. The main timbers
of the present wooden structure were laid on top
of the old bridge floor, which would make the floor
of the wooden structure the thickness of that timber
higher than the old concrete floor.
"*The Court:* So that do I understand then that
right where the end of the wooden bridge rests on
the old cement bridge the wooden bridge is a foot
and a half higher than the floor of the old cement
bridge?"

Counsel for the defendant contends that witnesses
were referring to a grade in the approach and not
to a sharp rise or bump where the approach con-

nects with the floor of the bridge. Their testimony does not support his contention. We admit some confusion in the record as to the actual condition of the bridge, but, in deciding the question as to whether the court was right in directing a verdict for the defendant, we must construe the testimony most favorably to the plaintiff. We adhere to our former opinion.

The judgment is reversed, and a new trial granted, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.