BROWN *v.* COUNTY OF OAKLAND.

1. APPEAL AND ERROR — HIGHWAYS AND STREETS — ICE BARRIER — NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

On appeal from judgment *non obstante veredicto* in action by administratrix of estate of deceased husband against county whose highway authorities knew of condition of highway, caused by leak in water main resulting in formation of ice barrier across highway one to two feet high, in ample time to have remedied it but failed either to do so or close the highway where question of defendant's negligence is not controverted, sole question for review is whether or not plaintiff's decedent, a motorist, was guilty of contributory negligence as a matter of law.

2. AUTOMOBILES — ICE BARRIERS — LIGHTS — CONTRIBUTORY NEGLI-
GENCE.

Presence of lights four or five feet off the traveled portion of
highway which did not cast any light upon ice barrier, formed
across highway as result of leaky water main, *held*, insufficient
notice of the character of barrier which decedent motorist ran
into at night in order to hold him guilty of contributory neg-
ligence as a matter of law.

3. SAME—RANGE OF VISION—HOLES OR BUMPS IN ROAD—ASSURED
CLEAR DISTANCE.

Rule that motorist must see objects and be able to stop within
range of his lights does not apply to holes or bumps in the
road, the assured clear distance rule being applied when there
is collision with trucks or other objects not a part of the
road (1 Comp. Laws 1929, § 4697).

4. HIGHWAYS AND STREETS — OBSTRUCTIONS — ATTEMPT TO PASS —
CONTRIBUTORY NEGLIGENCE.

Fact that a traveler sees an obstruction or other defect and
knows of its dangerous character is not conclusive proof he
was negligent in attempting to pass it and whether or not
such an attempt to pass is consistent with reasonable care is
generally a question for the jury, depending upon the nature
of the obstruction or insufficiency and all the circumstances
surrounding the party.

5. AUTOMOBILES—ICE BARRIER—NIGHTTIME—CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY.

Question of contributory negligence of deceased motorist who
collided in the nighttime with an ice barrier one to two feet
high which had formed across the highway and on which no
light from warning lights was cast, *held*, for jury.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted January 14, 1937. (Docket No. 94, Cal-
endar No. 39,319.) Decided March 1, 1937.

Case by Dorothy M. Brown, administratrix of the
estate of Thomas J. Brown, deceased, against Coun-
ty of Oakland and City of Detroit, for personal in-
juries sustained by deceased when his automobile

collided with an ice barrier on a highway. Verdict and judgment for defendant City of Detroit. Verdict for plaintiff against defendant County of Oakland. From judgment for defendant County of Oakland notwithstanding verdict for plaintiff, plaintiff appeals. Reversed and judgment ordered entered on the verdict.

*Louis Starfield Cohane* and *Regene Freund Cohane,* for plaintiff.

*Franklin E. Morris,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney (*James H. Lynch,* of counsel), for defendant County of Oakland.

Potter, J. Plaintiff, as administratrix of the estate of her husband, Thomas J. Brown, brought suit against the county of Oakland and the city of Detroit, a municipal corporation, to recover damages by reason of the injury to her husband which caused his death. In driving along the highway in the night-time, the automobile of plaintiff's decedent collided with an ice barrier one to two feet high which crossed the 18-foot pavement along which he was driving. There was a verdict of no cause of action against the city of Detroit and plaintiff has not appealed therefrom. A verdict in favor of plaintiff of $8,000 was rendered against the county of Oakland. Subsequently, upon motion made by the defendant, the trial court rendered judgment against plaintiff and in favor of the defendant county of Oakland. Plaintiff appeals.

Only one question is presented by the record and that is whether, under the undisputed facts in the case, plaintiff's decedent was guilty of contributory negligence barring her right to recover.

There is no question the highway in question was within the county of Oakland, and the defendant's negligence is not controverted. The barrier across the highway in question was caused by a leaking water main, the weather was extremely cold, and this water ran across the highway and formed an ice barrier which the witnesses say was from one to two feet in height. The county authorities were notified of the condition in ample time to have remedied the defect but did not do so. Neither did they close the highway in question. On the contrary, they left the road open for public travel, so that the question of the defendant's negligence is not at all controverted.

The question is whether the plaintiff's decedent was guilty of contributory negligence as a matter of law in attempting to pass along and over this highway in the manner in which he did, the road being left open for public travel by the county authorities. It was not impossible to pass over the highway in safety had the person attempting it known the exact conditions to be confronted. But it was dangerous to drive over it in the usual and ordinary method of automobile travel.

1. It is claimed plaintiff's decedent was guilty of contributory negligence because there were lights along the side of the highway which indicated it was dangerous to travel. The record shows these lights were on the edge of the road, four or five feet off the traveled portion of the highway "like in the ditch." Plaintiff's decedent may have seen these lights but, if he did see them, they would only indicate that there was probably at the point of the lights some condition dangerous to travel, and that was not upon the traveled portion of the highway. They may have been notice of an excavation in the side of the road, but the question of whether they constituted

any notice of the defective condition of the highway at the place which caused decedent's injuries is a question of fact. There was no light over the highway at the point where this ice barrier crossed the road. There was nothing, so far as the lights furnished by the municipality were concerned, that cast any light upon the barrier in question. The lights themselves were no notice of the character of the barrier which decedent ran into.

2. It is claimed plaintiff's decedent was guilty of contributory negligence in driving along the highway in the nighttime because he did not observe the statutory rule which provides:

"No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." 1 Comp. Laws 1929, § 4697, subd. a.

This court has frequently had that statute under consideration. In *Martin* v. *J. A. Mercier Co.,* 255 Mich. 587 (78 A. L. R. 520), it was said:

"The rule that a driver must see objects and be able to stop within the range of his lights, applied to things on the road, does not apply to holes in the road."

In *Marek* v. *City of Alpena,* 261 Mich. 154, the court considered a bump or sharp rise in the bridge where the injury occurred, and it reaffirmed the rule laid down by it in *Marek* v. *City of Alpena,* 258 Mich. 637, where it is said:

"A violation of the rule that a driver must drive his car at such a speed that he can stop within the assured clear distance ahead does not preclude his recovery for injuries in a case where they are caused by running into a hole or bump on the road. The as-

sured clear distance rule is applied when there is collision with trucks or other objects not a part of the road.''

In *Garrison* v. *City of Detroit,* 270 Mich. 237, it was said:

''It would convert a rule of safety into a rule of danger to hold that drivers in a city, subject to distraction caused by pedestrians and vehicles, must anticipate, at their peril, so unusual a thing as an unlighted traffic signal in the center of a street intersection.''

In *Loose* v. *Township of Deerfield,* 187 Mich. 206, one was held not guilty of contributory negligence as a matter of law who, in driving along a highway, noticed a slight raise in the roadbed, and from its appearance concluded it was a recently repaired sluiceway; and where he slowed down his car and attempted to continue along the highway and did not discover that there was an excavation behind it until it was too late. The court said:

''The situation as it appeared to the driver was such that he had a right to proceed, but as to whether in so doing he exercised the care and caution that an ordinarily careful and prudent man would have exercised, under similar circumstances, was a question entirely within the province of the jury.''

In *Harris* v. *Township of Clinton,* 64 Mich. 447 (8 Am. St. Rep. 842), it is said:

''It is not a universal rule that the defendant is excused from liability merely because the plaintiff, knowing of the danger caused by defendant's negligence, voluntarily incurs that danger.''

If the defendant has so acted as to induce the plaintiff, acting with reasonable prudence, to incur the danger, the defendant may be liable. In that case, the court quoted with approval from *Kelley* v. *Fond du Lac,* 31 Wis. 179, where it is said:

"The fact that a traveler sees an obstruction or other defect and knows its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who, in the lawful use of a highway, meets with an obstacle or other cause of insufficiency, may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction or insufficiency, and all the circumstances surrounding the party."

We think, in view of the previous decisions of this court, the question of the contributory negligence of the decedent under all the circumstances was for the jury.

Judgment of the trial court is reversed and the case remanded for judgment upon the verdict.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.