Plaintiff's motion for summary judgment is overruled.

Defendant's motion for summary judgment is granted.

APPLEGATE, ADMX., PLAINTIFF-APPELLEE, *v.* HARSHMAN ET, BOARD OF TOWNSHIP TRUSTEES OF SOUTHINGTON TOWNSHIP, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Trumbull County.

No. 1509.   Decided March 1, 1962.

*Messrs. Sieman, Sieman & Sieman,* for plaintiff-appellee.
*Mr. Lynn B. Griffith, Jr.,* prosecuting attorney, *Mr. Thomas C. B. Letson,* assistant prosecuting attorney, and *Messrs. Hoppe, Day & Ford,* for defendants-appellants.

GRIFFITH, J. This is an appeal on questions of law from a judgment in favor of Mildred L. Applegate, Administratrix of the Estate of Idean S. Applegate, her deceased husband who was killed September 1, 1959, when thrown from his motorcycle while riding in a southerly direction on a township road in Southington Township, Trumbull County.

It is claimed that the motorcycle hit a hole in the blacktop pavement, which hole was some distance ranging between seventy-five and one hundred twenty-five feet south of the crest of a hill. The hole in question was perhaps three feet in length and five inches at its deepest point, and had been there for over two months prior to the fatal accident.

The defendants admit that they had knowledge of this condition of the highway for some period of time.

The plaintiff, Mrs. Applegate, as administratrix, has sued the township trustees for their negligence in failing to keep this township road in a reasonably safe condition.

The jury returned a verdict for the plaintiff in the sum of $100,000.00 for the benefit of the next of kin and $2,500.00 for funeral expenses, making a grand total of $102,500.00, and the trial court entered judgment on this verdict.

The defendants assert twelve assignments of error as having intervened in the trial. We shall comment only on the claim of error in the failing and refusal of the court to charge "the assured clear distance ahead" rule as set forth in Section 4511.-21, Revised Code.

The court charged on contributory negligence, on the speed statute (Section 4511.21, Revised Code), and on ordinary care.

We conclude from the facts and all the circumstances in this case that the assured clear distance rule has no application, and that the court properly refused to charge the same before argument at the request of the defendants and likewise properly refused to charge the same in its general charge. This rule is not applicable unless it be shown that the defect is discernible in time to permit the driver to avoid it. By discernible we mean visible, perceptible, or apparent.

In the instant case reasonable minds could differ as to the discernibility of the hole, and hence it was not a subject for the court to pass on as a matter of law. *McFadden, Admx.,* v. *Elmer C. Breuer Transportation Co., et al.,* 156 Ohio St., 430; *Farris* v. *City of Columbus,* 85 Ohio App., 385, are cases in our own state that are helpful in disposing of this problem.

The case of *Marek* v. *City of Alpena* (Supreme Court of Michigan), 242 N. W., 793, held:—

"Driving car at speed precluding stop within assured clear distance ahead does not bar recovery for injuries caused by running into hole or bump."

"Motorist was not charged with duty of anticipating bump in approach to unfamiliar bridge."

In the case of *Brown* v. *Oakland County* (Supreme Court of Michigan), 271 N. W., 550, the court held:—

"Violation of statutory rule that motorist must drive automobile at such speed that he can stop within assured clear distance ahead does not preclude recovery for injuries caused by running into hole or bump on road."

Of like tenor are the holdings in the following cases: *McNair* v. *State et al,* 305 Michigan, 181, 9 N. W. (2d), 52; *Wasnick* v. *State,* 52 N. Y. S., 32; and *Swinford* v. *Finck,* 299 N. W., 227.

We have carefully read the record of the testimony in this case and find that it discloses evidence of sufficient probative value to sustain the claim of the existence of the hole in the road, and that the trustees after full knowledge of the facts negligently permitted the existence of an unreasonable risk of harm to users of this road in the form of a hole in the traveled portion of the road, and that as a direct and proximate result Idean S. Applegate was violently thrown from his motorcycle and killed.

We realize that the verdict is large, but considering the age of the deceased, his earning capacity, his dependents, his fine character and high standing in the community, and all the attending circumstances we conclude that such verdict is not excessive. Substantial justice has been done both by the jury and by the judge.

We have carefully considered all of the claimed errors as-

signed, and find none prejudicial to the substantial rights of the appellants, the Board of Trustees of Southington Township.

Judgment affirmed.

BROWN, P. J., DONAHUE, J., concur.