WRIGHTON v. CITY OF HIGHLAND PARK.

1. MUNICIPAL CORPORATIONS — GOVERNMENTAL FUNCTIONS — NON-
   LIABILITY RULE NOT CHANGED BY MOTOR VEHICLE ACT.
   Failure of a city to equip a truck, used by it in a govern-
   mental capacity, with a horn, as required by 1 Comp.
   Laws 1915, § 4797 *et seq.*, did not render it liable for
   personal injuries caused by the negligence of the driver;
   the common-law rule that no liability attaches to a munic-
   ipality for the negligent operation of its agencies while
   performing governmental functions, not being repealed or
   modified by said statute.[1]

2. SAME — NEGLIGENCE — HIGHWAYS AND STREETS — STREET NOT
   SHOWN TO BE OUT OF REPAIR.
   In the absence of any proof that the street was out of re-
   pair, plaintiff's contention that the city was liable for
   the negligence of the driver of one of its trucks, used to
   haul gravel to repair the streets, because it failed in its
   duty to keep the street reasonably safe for public travel,
   is not sustained.[2]

Error to Wayne; Shepherd (Frank), J., presiding.
Submitted June 9, 1926.    (Docket Nos. 43, 44.)    De-
cided October 4, 1926.

Separate actions of case by William Wrighton, in-
dividually and as administrator of the estate of Jessie
Ann Wrighton, deceased, against the city of Highland
Park for the negligent killing of plaintiff's decedent.
The cases were consolidated and tried as one.    Judg-
ments for defendant on directed verdicts.    Plaintiff
brings error.    Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for appel-
lant.

*Claude H. Stevens,* for appellee.

[1]Municipal Corporations, 28 Cyc. pp. 1257, 1269; [2]Id., 28 Cyc.
p. 1359.

BIRD, C. J.    These cases are personal injury cases. They were tried together and a verdict for defendant was directed by the court in both cases,    Plaintiff assigns error.

It appears that Jessie Ann Wrighton, wife of the plaintiff, on the afternoon of July 20, 1921, was walking north on the west side of John R. street, between Cottage Grove and Gerald avenues, in the city of Highland Park; that at the same time a truck operated by William E. Little, an employee of defendant city, was proceeding north on the same street with a load of sand.    The truck turned into the alley between the two streets.    It reached the intersection of the alley before Mrs. Wrighton did.    The front wheel missed her, but the rear wheel, by reason of the curve it was making, collided with her and caused her injuries from which she died.    Suit was begun by the husband, counting upon the failure of the city to have a competent servant to drive the truck, and for the negligence in the operation of the truck.    The defense was made by the city that the truck was being used by the city to haul gravel to repair one of its highways; that it was being used in a governmental capacity, and, therefore, the city was not liable for its negligent operation.    The second defense was that the deceased was guilty of contributory negligence. The trial court was of the opinion that the truck was being used in a governmental capacity, and granted the defendant's motion and directed a verdict for defendant in both suits.

Counsel for plaintiff recognize the rule which denies the right to recover for negligent injuries occasioned by one who is engaged in governmental work (*Gunther* v. *County Road Com'rs,* 225 Mich. 619, and cases cited), but they contend that the statute has changed this in two particulars:

(1) Because the automobile law (1 Comp. Laws

1915, § 4797 *et seq.*) requires that a suitable and adequate horn be attached to such vehicles.   The truck in question had no horn.   (2) Because the city failed in its duty to keep the street reasonably safe for travel.

1. It is claimed because a municipality is required to place a horn on its vehicles while it is discharging governmental functions, that it thereby consents to be sued if this provision is violated.

By the common law there was no liability attached to the municipality for failing to keep the highway in reasonable repair, neither was there liability for the negligent operation of its agencies while performing governmental functions.   The first proposition has been changed by statute (1 Comp. Laws 1915, § 4584 *et seq.*).   The second proposition has not been expressly changed or modified by statute.   Whether the common law has been repealed or modified in this respect by making it mandatory to attach to the vehicles used by a municipality a horn is the question which counsel raises.   This argument does not appeal to us. It is conceivable that the legislature might require the city to carry a horn on its vehicles in the interest of public safety without in any manner making itself liable for negligence while performing governmental operations.   Concededly there would be no liability except for the automobile law, and from that law no legislative intention can be implied abrogating this old and well-established rule of law.   We think if the legislature had intended to change that rule of law it would not have done so in the uncertain way suggested by counsel.

2. The next consideration is that the highway was not in a reasonable condition of repair.   We have discovered no proof that the highway was out of repair, neither have we discovered it was in any manner obstructed.   The injury to Mrs. Wrighton arose wholly

from the negligent operation of the truck.    This contention cannot be sustained.    We are persuaded that the trial court committed no error when it directed a verdict for the defendant in both cases.

The judgments are affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.