BUTLER *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—TORTS OF AGENTS PERFORMING GOVERNMENTAL FUNCTIONS—COMMON LAW.

  At common law a city is not liable for the torts of its agents while acting for it in a governmental function.

2. COMMON LAW—LEGISLATIVE INTENT—PRESUMPTIONS—STATUTES.
    When the legislature intends to change a common-law rule of law,
        it must do so in terms of certainty and unless its intent to do
        so clearly appears it will be presumed not to have made a
        change by enactment of a statute on the same subject (Const.
        1908, sched. § 1).

3. STATUTES—CONSTRUCTION—SOVEREIGN.
    General statutes are not to be construed to include, to its hurt,
        the sovereign.

4. MUNICIPAL CORPORATIONS—COMMON LAW—AUTOMOBILES.
    Since a city is not liable at common law for torts committed in
        the operation of its automobiles used in the performance of
        governmental functions, a statute is required to impose such
        liability.

5. AUTOMOBILES—STATUTES—AMENDMENTS—COMMON LAW—POLICE
    CRUISERS.
    Amendatory statute which eliminated cars operated by policemen
        from exception from liability for operation of an automobile
        in statute amended that had extended common-law immunity
        to such cars held, not to render city liable for injuries inflicted
        by alleged negligent operation of police cruiser (1 Comp. Laws
        1915, § 4797, as amended by Act No. 287, Pub. Acts 1925
        [1 Comp. Laws 1929, § 4632 (a)]).

6. COSTS—CONSTRUCTION OF STATUTE—MUNICIPAL CORPORATIONS—
    POLICE CRUISERS.
    On affirmance of dismissal of cause of action against city for
        injuries sustained as result of alleged negligent operation of
        police cruiser, no costs are awarded either party as the cause
        involves the construction of a statute (1 Comp. Laws 1929,
        § 4632[a]).

Appeal from the Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J.    Submitted October 8,
1935.  (Docket No. 17, Calendar No. 38,492.)  De-
cided December 10, 1935.

Case by Martin Butler against the city of Grand
Rapids, a municipal corporation, and Richard Mul-
der, for personal injuries sustained when struck by

a police cruiser while crossing a street at an intersection. Motion to dismiss by defendant city of Grand Rapids. Cause dismissed as to defendant city. Plaintiff appeals. Affirmed.

*Glocheski & Glocheski,* for plaintiff.

*Ganson Taggart,* for defendant city of Grand Rapids.

EDWARD M. SHARPE, J. Plaintiff filed a declaration against defendants, claiming that he was struck and permanently injured as a result of the negligent operation of a police cruiser by defendant Richard Mulder. The defendant city of Grand Rapids filed a motion to dismiss the declaration on the ground that the injury complained of resulted from the operation of a motor vehicle in the course of the performance of a governmental function, for which there is no liability on the part of the city. When the cause came on to be heard, October 4, 1934, the trial court dismissed the defendant city of Grand Rapids as one of the defendants, from which order the plaintiff appeals.

The common law in Michigan, as admitted by the parties, is that a "city is not responsible for the torts of its agents while acting for the city in a governmental function." This rule was expressed in *Brink* v. *City of Grand Rapids,* 144 Mich. 472, where the court said:

"Counsel do not disagree as to the law. The learned counsel for the plaintiff admits that the doctrine that—

" 'A municipality, in the absence of a statute to the contrary, is not responsible for injuries caused by the negligence of its employees engaged in so-called governmental functions, is too well established in this State to be questioned at the present time.' "

The above rule was replaced by statute, namely, Act No. 302, § 1, Pub. Acts 1915, being 1 Comp. Laws 1915, § 4797:

"The term 'motor vehicle' as used in this act, except where otherwise expressly provided, shall include all vehicles propelled by any power other than muscular power, except motorcycles operated by policemen or firemen on official business, also all motor vehicles including trucks owned and operated by municipalities."

The motor vehicle act was amended by Act No. 287, § 1, Pub. Acts 1925, being 1 Comp. Laws 1929, § 4632 (a), as follows:

"The term 'motor vehicle' as used in this act shall include all vehicles impelled on the public highways of this State, by mechanical power except traction engines, road rollers, such vehicles as run only on rails or tracks, fire trucks and apparatus owned by any person, firm or private corporation and used for fire protection, and motor vehicles owned and operated by the Federal government."

From an examination of these two acts, we find that the 1915 act replaced the common-law rule and extended it, while the 1925 act revoked the 1915 act and, having revoked the same, the question now is upon the construction of the 1925 act.

In construing the 1915 act, the court in *Wrighton v. City of Highland Park,* 236 Mich. 279, said:

"By the common law there was no liability attached to the municipality * * * for the negligent operation of its agencies while performing governmental functions. * * * Concededly there would be no liability except for the automobile law, and from that law no legislative intention can be implied abrogating this old and well-established rule of law. We think if the legislature had intended to change that

rule of law it would not have done so in the uncertain way suggested by the counsel.''

The Constitution of 1908, sched. § 1, provides that:

''The common law and the statute laws now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed.''

Up to this time we have had no occasion to interpret the particular section of the 1925 act above referred to, but its interpretation must be in the light of the principle followed in the *Wrighton Case, supra,* namely, that when the legislature intends to change a common-law rule of law, it does so in terms of certainty.

In *Leckliter* v. *City of Des Moines,* 211 Iowa, 251 (233 N. W. 58), the plaintiff was injured by a police vehicle and recovery was had in the lower court. The 1924 code (Chap. 251, § 4863, code of 1924) provided:

''The term 'motor vehicle' shall include all vehicles propelled by any power other than muscular power, except traction engines, road rollers, fire wagons and engines, police patrols, city and town ambulances, city and government vehicles, clearly marked as such, and such vehicles as are run only upon tracks or rails.''

In 1927 the code (Chap. 251, § 4863, Code of 1927) was amended to read as follows:

''The term 'motor vehicle' shall include all vehicles propelled by any power other than muscular power except traction engines, road rollers, and such vehicles as are run only upon tracks or rails.''

Plaintiff contended that inasmuch as fire engines and wagons, police patrols, city and town am-

bulances, and city and government vehicles were brought under the term "motor vehicle," the immunity previously existing was abrogated by the 1927 code. The Supreme Court reversed the lower court and quoted from *Sullivan* v. *School District No. 1, of City of Tomah,* 179 Wis. 502 (191 N. W. 1020), as follows:

"It is not to be presumed that the legislature intended to abrogate or modify the rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention. * * * In connection with what has been said, there is also the general rule, adopted both by this court and the Supreme Court of the United States, that general statutes are not to be construed to include, to its hurt, the sovereign."

See, also, *Balthasar* v. *Railway Co.,* 187 Cal. 302 (202 Pac. 37, 19 A. L. R. 452).

We see no reason to change the rule followed in Massachusetts and Michigan which holds that, there being no liability at common law, a statute is required to impose such liability before the same can be asserted. In the case at bar, the 1925 act does not impose such liability.

Judgment affirmed. No costs to either party as the cause involves the construction of a statute.

POTTER, C. J., and TOY, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.