MILLER *v*. MANISTEE COUNTY BOARD OF ROAD
COMMISSIONERS.

1. AUTOMOBILES—BOARD OF COUNTY ROAD COMMISSIONERS—NEGLIGENT OPERATION OF TRUCK EN ROUTE TO WORK ON HIGHWAY.

The board of county road commissioners is a public corporation and, as owner of a truck, is liable for damages caused by its negligent operation by an employee while truck was not engaged in the performance of road work but was traveling to place of work, pursuant to statutory liability imposed upon all motor vehicle owners (1 Comp. Laws 1929, §§ 3984, 4632, 4648, 4724).

2. STATE—MUNICIPAL CORPORATIONS—CONSTRUCTION OF STATUTES.

The State and its agencies are not to be considered as within the purview of a general statute unless the intention to include them is clearly manifest except as the State may have the benefit of statutes made for the public good, the advancement of religion and justice, and the prevention of injury and wrong.

3. AUTOMOBILES—MUNICIPAL CORPORATIONS—STATUTES.

The statute subjecting the owner of an automobile to liability for negligent operation by a servant or agent, when driven with the owner's express or implied knowledge or consent, is an exercise of police power and is for the benefit of the public and the prevention of unrecompensed injury; and municipalities are considered within its purview (1 Comp. Laws 1929, §§ 4632, 4648, 4724).

4. MUNICIPAL CORPORATIONS—TORTS—STATUTES.

A municipal corporation is not liable for a tort of its officers, servants, or agents unless the liability therefor has been imposed by statute.

BOYLES, J., dissenting.

Appeal from Manistee; Neal (Max E.), J. Submitted January 7, 1941. (Docket No. 7, Calendar No. 41,204.) Decided May 21, 1941.

Case by Arthur Miller, administrator of the estate of Harry Ulrich, deceased, against Manistee County Board of Road Commissioners and others for damages for death of plaintiff's decedent caused by injuries sustained when struck by an automobile. From judgment for defendant *non obstante veredicto* for plaintiff, plaintiff appeals. Reversed,

*Campbell & Campbell*, for plaintiff.

*Henry Miltner* (*A. A. Keiser*, of counsel), for defendant board.

*Rupert B. Stephens*, Prosecuting Attorney (*Henry Miltner* and *Charles H. Miltner*, of counsel), for defendant Manistee County.

McAllister, J. I am of the opinion that the verdict of the jury should be sustained.

The board of county road commissioners was the owner of the truck. It permitted its employee to drive the vehicle. Plaintiff's decedent was killed as a result of such employee's negligence. By statute it is provided that the owner of a motor vehicle is liable for any injury caused by negligent operation thereof by his agent. Section 4648, 1 Comp. Laws 1929 (Stat. Ann. § 9.1446), provides:

"Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State

or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

Section 4632, 1 Comp. Laws 1929 (Stat. Ann. § 9.1431), provides:

"(a)  The term 'motor vehicle' as used in this act shall include all vehicles impelled on the public highways of this State, by mechanical power except traction engines, road rollers, such vehicles as run only on rails or tracks, fire trucks and apparatus owned by any person, firm or private corporation and used for fire protection, and motor vehicles owned and operated by the Federal government. Motor vehicles owned and operated by the State of Michigan, or any municipality thereof, shall be designated by proper signs showing in which department or institution of said State or municipality such motor vehicles are employed, and such department, institution or municipality shall obtain license plates annually from the secretary of State upon applications furnished by him. * * *

"(c)  The term 'owner' shall include any person, firm, association or corporation owning or renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days."

The board of county road commissioners is a public corporation. 1 Comp. Laws 1929, § 3984 (Stat. Ann. § 9.109). As owner of the motor vehicle, defendant is liable for damages resulting from the negligence of its employee.

It is contended that the board is not liable under the general rule that, at common law, a municipal corporation is immune from claims for damages resulting from the performance of governmental functions. However, in this case, defendant is liable

under the statute providing that an owner is liable for negligent operation of a motor vehicle by agent or servant. In addition, 1 Comp. Laws 1929, § 4724 (Stat. Ann. § 9.1592), provides:

"The provisions of this act applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this State or any county, city, town, district or any other political subdivision of the State subject to such specific exceptions as are set forth in this act. The provisions of this act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons *and vehicles* when traveling to or from such work."

By providing that the act is applicable to vehicles owned or operated by the State, county, city, town, or district of any political subdivision of the State, when traveling to or from highway work, the liability of defendant is definitely fixed.

It is said that, when the legislature intends to change a common-law rule of law, it must do so in terms of certainty, and that general statutes are not to be construed to include municipalities engaged in the performance of governmental functions. However, this rule is subject to an important exception. In 59 C. J. pp. 1103, 1104, it is said:

"The State and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication. This general doctrine applies with especial force to statutes by which prerogatives, rights, titles, or interests of the State would be divested or diminished; or liabilities imposed upon it; but the State may

have the benefit of general laws, and the general rule has been declared not to apply to statutes made *for the public good,* the advancement of religion and justice, *and the prevention of injury and wrong.*"

In *United States* v. *Knight,* 39 U. S. (14 Pet.) 301, 315, 316 (10 L. Ed. 465), where the question before the court was whether or not a general statute was applicable where the government was a party, it was argued by the government that the United States are never to be considered as embraced in any statute, unless expressly named. In refusing to follow such contention, the court said:

"It is obvious that the language is sufficiently comprehensive to embrace them (United States): unless they are to be excluded, by a construction founded upon the principle just stated. In Bacon's Abridgment, title Prerogative, 3–5, it is said, that the general rule is, that where an act of Parliament is made for the public good, the advancement of religion and justice, and to prevent injury and wrong, the king shall be bound by such act, though not particularly named therein. But where a statute is general, and thereby any prerogative, right, title, or interest, is divested, or taken from the king, in such case he shall not be bound; unless the statute is made by express words, to extend to him. It is a settled principle, that the king is not, ordinarily, barred, unless named by an act of limitations. The principle expressed in the maxim, *nullum tempus occurrit regi,* rests upon the ground, that no laches shall be imputed to him. The doctrine, that the government should not, unless named, be bound by an act of limitations, is in accordance with that just cited from Bacon, because if bound, it would be barred of a right; and, in all such cases, is not to be construed to be embraced unless named, or what would be equivalent, unless the language is such as to show clearly that such was the intent of the act.

The same principle has been decided in New York, Massachusetts, Pennsylvania, and no doubt, in other States; and all upon the same ground. Not upon any notion of prerogative; for even in England, where the doctrine is stated under the head of prerogative, this, in effect, means nothing more than that this exception is made from the statute, for the public good; and the king represents the nation. The real ground is a great principle of public policy, which belongs alike to all governments, that the public interests should not be prejudiced by the negligence of public officers, to whose care they are confided. Without undertaking to lay down any general rule as applicable to cases of this kind, we feel satisfied, that when, as in this case, a statute which proposes only to regulate the mode of proceeding in suits, does not divest the public of any right, does not violate any principle of public policy; but on the contrary, makes provisions in accordance with the policy which the government has indicated by many acts of previous legislation, to conform to State laws, in giving to persons imprisoned under their execution, the privilege of jail limits; we shall best carry into effect the legislative intent, by construing the executions at the suit of the United States to be embraced within the act.''

In an old English case, the *Magdalen College Case*, 11 Coke, 66b (77 Eng. Rep. 1235)*, the question to be decided was whether the king was included within the general words of an act applicable ''to any person or 'persons, body politic or corporate.' '' The act had for its object the prevention of long leases by colleges. It was held that, in view of the fact that such leases, under the circumstances envisaged in the statute, constituted a recognized evil:

---

* (Anno 1615.) Also, *sub nom.*, *Warren* v. *Smith*, 1 Rolle Rep. 151 (81 Eng. Rep. 394).—REPORTER,

"The king shall not be exempted by construction of law out of the general words of acts made to suppress wrong, because he is the fountain of justice and common right. * * *

"And it was resolved, that the law will never make an interpretation to advance a private and to destroy the public, but always to advance the public, and to prevent every private, which is odious in law in such cases. * * * The office of judges is always to make such construction as to suppress the mischief, and advance the remedy; and to suppress subtle inventions and evasions for the continuance of the mischief, * * * and to add force and life to the cure and remedy according to the true intention of the makers of the act." (pp. 72a, 73b.)

The statute subjecting the owner of a motor vehicle to liability for negligent operation by a servant or agent, when driven with the owner's express or implied knowledge or consent, is an exercise of police power and is for the benefit of the public and the prevention of unrecompensed injury; and municipalities are, therefore, considered within its purview. If a municipality permits an employee to operate an instrumentality of danger of this kind on the public highway, it is liable for his negligence. Section 4632, 1 Comp. Laws 1929, in defining motor vehicles, excepts certain kinds of vehicles, as well as those used for certain purposes, and vehicles owned and operated by the Federal government. But motor vehicles owned by municipalities, such as in this case, are not excepted; and section 4724, 1 Comp. Laws 1929, expressly provides that vehicles owned by municipalities, when traveling to highway work, are subject to the act.

In *Jones* v. *Town of Clarkson*, 130 Misc. 57 (223 N. Y. Supp. 611), under a statute similar to that

of Michigan, subjecting to liability the owner of a motor vehicle when negligently operated by an employee of the owner, the court held a municipality liable for the negligent operation of a motor vehicle by its employee. The court said:

"The rule is well recognized that a political division like a town is not liable for a tort of its officers, servants, or agents, unless the liability has been imposed by statute. Dillon, Municipal Corporations (4th Ed.), § 961 *et seq.*; 1 Shearman & Redfield, Negligence (4th Ed.), § 256 *et seq.* The rule has grown up as a matter of public policy out of the exploded theory that the sovereign can do no harm, and that the political divisions of the State, such as towns, are mere representatives of the State. This doctrine is not now maintained in all its early integrity, but, on the contrary, the State and its political creations are often subjected to liabilities for torts quite as extensive as are private corporations.

"In the case of towns, a liability, for instance, is imposed for failure to maintain highways in a proper condition, due to negligence of highway officers; but it is claimed by the defendant in this case that no liability exists for the negligent use of a truck on a highway, whereby a person has been injured. There is no statute which imposes a liability for such a tort upon a town, by name; but the motor vehicle law imposes a liability for negligence upon 'every owner' of a motor vehicle under certain circumstances, and this language is sufficiently specific to include a town. Highway Law, § 282e. It does not appear that the vehicle in question did not come within the definition of a motor vehicle. *Id.* § 281.

"In view of the tendency to relax the rule of exemption of the sovereign and its political creations from liability, it ought not to be necessary to point to a statute imposing a liability upon towns by name, where the statute is broad enough to cover such a political organization. The reason for the

rule ought not to prevail over the justice of the case. The language of a statute should not be strained by construction from its obvious meaning to sustain an ancient theory of sovereign liability. If it is necessary to protect the State and its political divisions against liability for torts, it is equally necessary to protect innocent persons from injuries through the negligence of public officers, servants, and agents. The use of the motor vehicle has become so general that the legislature deemed it necessary to enact that 'every owner' should be liable for injuries occasioned through the negligence of one who is permitted to drive his car upon the public highway. Why should not the liability extend to a town, which is the owner of a truck? Is a town to be permitted to send out a truck upon the public highway, operated by an incompetent driver, and injure persons through his negligence, without recourse against it?

"The acts of officers, agents, or servants engaged in governmental functions while operating a motor vehicle, are sufficiently taken care of. Highway Law, § 281. Is the protection of the public treasury of more importance than the protection of private property or human life? The statute should be given its full force until the legislature sees fit to restrict its application. Until this is done, 'every owner' of a motor vehicle, within the definition of that term (*Id.* § 281), used with his permission, including a town, should be made liable for its negligent operation upon the public highways, whereby property is damaged or persons injured."

The facts in the instant case are much more persuasive as to defendant's liability than the above-cited case, in view of the additional statutory provisions in Michigan.

The judgment entered notwithstanding verdict should be set aside and a judgment entered in accordance with the verdict against the county of

Manistee and the board of county road commissioners of Manistee county, with costs to plaintiff.

Sharpe, C. J., and Bushnell, Chandler, North, Wiest, and Butzel, JJ., concurred with McAllister, J.

Boyles, J. (*dissenting*). Plaintiff's decedent was killed by the negligent operation of a truck owned by the board of county road commissioners of Manistee county while being operated by William Potter, an employee of the road commission. Judgment was taken by default against defendants William Potter and the estate of Clyde Jones, deceased. The court below dismissed the suit as against defendant I. H. Gingrich & Sons, Inc. No appeal has been taken as to the above-named defendants and the case now stands against Manistee county and the board of county road commissioners. The case was tried before a jury. At the close of plaintiff's proofs, and again after both parties had rested their cases, defendants Manistee county and board of county road commissioners moved for directed verdict on the ground that they were engaged in the exercise of a governmental function at the time of the accident and, therefore, not liable for the negligence of the employee. These motions were denied. The jury returned a verdict for plaintiff, whereupon the same defendants moved for judgment *non obstante veredicto* on the same grounds. This motion was granted, and plaintiff appeals from the judgment entered thereon.

Two questions are relied upon by plaintiff for reversal. The first is, that defendants could not raise the question of governmental immunity by these motions, not having pleaded the same as an

affirmative defense.  The record does not show that plaintiff raised this question at any stage of the proceedings in the court below.  Plaintiff argued both motions for directed verdict as well as the motion for judgment *non obstante veredicto* without raising the question now relied upon, so far as this record discloses.  Plaintiff at no time during the trial claimed surprise or asked for a continuance.  The defendants' answers, by inference at least, put in issue the defense of governmental immunity.  It would have been in order for defendants to ask for leave to amend if the issue had been raised.  No reversible error was committed by the court in considering the motions.

Plaintiff's second ground for reversal is that the court erred in holding the defendants immune from liability for the admitted negligence of the employee, by reason of the truck being engaged in a governmental function at the time of the accident.  The facts material to that issue are as follows:  Defendant road commission purchased a truck from I. H. Gingrich & Sons, Inc., in Grand Rapids, paid for the same, and accepted delivery of the same in Grand Rapids.  The truck was being driven from Grand Rapids to Manistee by Potter, an employee of the road commission, when the accident occurred.  While passing through Mason county, plaintiff's decedent was killed by the truck due to the negligent operation of the driver.  It is conceded that the Manistee county road commission was not engaged in the construction, maintenance or repair of any highway in Mason county at that time.  The truck was then owned by the county road commission and being driven over a highway in Mason county by an employee of the commission, on its way to Manistee county for use in Manistee county.  The truck was

carrying some minor parts or repairs from Grand Rapids for the use of the commission.

The commission had the right to purchase the truck. 1 Comp. Laws 1929, § 3985 (Stat. Ann. § 9.110).* It was purchased for governmental purposes. There would seem to be no justification in reason, and no authority has been cited, for holding that the road commission could not take title to the truck in Grand Rapids. It is common knowledge that highways are now maintained and repaired largely by the use of motor equipment. The use of the truck in Manistee county was necessary for the county road commission to perform its statutory duties. If the road commission could become the owner of the truck at some point outside Manistee county, it obviously must follow that the commission had the right to move the equipment to its home county. In so doing, was the road commission engaged solely in the performance of a governmental function? If so, the law is well settled that defendants are not liable for the negligent acts of employees unless expressly made so by statute. *Johnson* v. *Board of County Road Commissioners*, 253 Mich. 465; *Royston* v. *City of Charlotte*, 278 Mich. 255; *McDonell* v. *Brozo*, 285 Mich. 38; *Maffei* v. *Berrien County*, 293 Mich. 92.

Manistee county is a public corporation, with such powers and immunities as shall be established by law (Const. 1908, art. 8, § 1), and the immunities of counties remain as at the common law unless changed by statute (1 Comp. Laws 1929, § 1100 [Stat. Ann. § 5.282]). Boards of county road commissioners are also public corporations (1 Comp. Laws 1929, § 3984 [Stat. Ann. § 9.109]), and they

---

*Amended, Act No. 292, Pub. Acts 1937 (Stat. Ann. 1940 Cum. Supp. § 9,110).—REPORTER.

are not liable for torts committed by employees while acting for the commission in a governmental function. *Brink* v. *City of Grand Rapids,* 144 Mich. 472.

While plaintiff did not declare expressly upon any claimed statutory liability of defendants, plaintiff's brief indicates that he relies upon 1 Comp. Laws 1929, § 4724 (Stat. Ann. § 9.1592). This is a part of the uniform motor vehicle act regulating the operation of vehicles on highways (Act No. 318, Pub. Acts 1927, as amended [1 Comp. Laws 1929, § 4693 *et seq.* (Stat. Ann. § 9.1561 *et seq.*)]). The section relied upon by plaintiff is as follows:

"The provisions of this act applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this State or any county, city, town, district or any other political subdivision of the State subject to such specific exceptions as are set forth in this act. The provisions of this act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work." 1 Comp. Laws 1929, § 4724.

We should say at the outset, that many of the cases cited by plaintiff do not apply. We have had frequent occasion to hold that a municipal corporation cannot rely on governmental immunity as a defense when engaged in operations of a proprietary nature, where profit results therefrom. Instances of such situations are: (bus line) *Borski* v. *City of Wakefield,* 239 Mich. 656; (garbage collection) *Foss* v. *City of Lansing,* 237 Mich. 633 (52 A. L. R. 185); (electric energy) *Hodgins* v. *City of Bay City,* 156 Mich. 687 (132 Am. St. Rep. 546). It cannot be successfully claimed that the moving of the

truck from Grand Rapids to Manistee county comes within these exceptions to the general rule of governmental immunity.

The statute relied upon by plaintiff in express terms imposes a liability upon *drivers* of motor vehicles owned or operated by the State or any county, city, town, district or any other political subdivision of the State subject to the specific exceptions set forth therein. In the case at bar, judgment has been entered against the driver of the motor vehicle. Plaintiff would have us construe the statute so as to impose a liability on the county itself (or its board of county road commissioners). The statute does not do so in terms of certainty, nor does such intent clearly appear. The principles announced by this court in *Gunther* v. *County Road Commissioners,* 225 Mich. 619, apply to the instant situation. Moving the truck from Grand Rapids to Manistee county was a governmental function and defendants are not liable for the negligent operation of the truck by the employee while so engaged. The legislature will be presumed not to have made a change in the common-law rule of governmental immunity by the enactment of a statute relating to the operation of vehicles on the highway unless the intent to do so clearly appears, and it must do so in terms of certainty before such results will follow. This is well stated in the syllabi in *Butler* v. *City of Grand Rapids,* 273 Mich. 674, as follows:

"At common law a city is not liable for the torts of its agents while acting for it in a governmental function.

"When the legislature intends to change a common-law rule of law, it must do so in terms of certainty and unless its intent to do so clearly appears it will be presumed not to have made a change

by enactment of a statute on the same subject (Const. 1908, sched. § 1).

"General statutes are not to be construed to include, to its hurt, the sovereign.

"Since a city is not liable at common law for torts committed in the operation of its automobiles used in the performance of governmental functions, a statute is required to impose such liability."

If such results in hardship, the remedy is by legislation to change the law of liability of a municipal corporation from immunity in exercise of governmental functions.

Judgment should be affirmed. No costs should be awarded as this cause involves a matter of public interest in the construction of a statute.