MEAD *v.* MICHIGAN PUBLIC SERVICE COMMISSION.

1. COURTS—COURT OF CLAIMS—STATE.

While the act creating the court of claims provides a forum in which all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto* against the State or any of its departments, commissions, boards, institutions, arms or agencies, the act is not to be construed as enlarging the liabilities of the State or such agencies (Act No. 135, Pub. Acts 1939).

2. STATE—GOVERNMENTAL FUNCTION.

The defense of governmental function continues to exist in the absence of a statute to the contrary.

3. AUTOMOBILES—NEGLIGENCE—STATE—IMMUNITY FROM LIABILITY.

Notwithstanding the State, either directly or through its agencies, may be and is the owner of motor vehicles and the motor vehicle registration act provides that the owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation thereof, such enactment does not deprive the State of immunity from liability incident to the negligent use of its automobiles in the absence of a statutory provision expressly depriving the State of its immunity (1 Comp. Laws 1929, §§ 4632, 4648).

4. SAME—CONSTRUCTION OF STATUTES—STATE—IMMUNITY FROM LIABILITY.

Since the construction of the motor vehicle registration act so as to deprive the State of immunity from liability for negligent operation of motor vehicles which it owns would be

construing it as including a provision of which there is no hint in the title of the act, hence in that particular unconstitutional, such construction will not be adopted, as the act must be construed in a manner consistent with constitutionality (1 Comp. Laws 1929, §§ 4632, 4648).

5. SAME—DRIVERS—OWNERS—STATE.

Under the motor vehicle registration act the driver, but not the State, may be held liable for the negligent operation of a State-owned motor vehicle while the vehicle is engaged in a governmental capacity (1 Comp. Laws 1929, §§ 4632, 4648).

6. STATE—SOVEREIGN IMMUNITY—WAIVER—STATUTES.

The doctrine of sovereign immunity may not be held to have been waived or abrogated except that the result has been accomplished by an express statutory enactment or by necessary inference from a statute.

7. COURTS—PRECEDENT OVERRULED—AUTOMOBILES—NEGLIGENCE—LIABILITY OF STATE.

Holding of *Miller* v. *Manistee County Board of Road Commissioners*, 297 Mich. 487, that an agency of the State was liable for the negligent operation of one of its motor vehicles while traveling to place of work, thereby imposing liability upon a State agency without express statutory authority therefor, is expressly overruled in a case where there was negligent operation of a State-owned motor vehicle by an employee of a State commission while in the course of his duties (1 Comp. Laws 1929, §§ 4632, 4648).

8. COSTS—PUBLIC QUESTION.

No costs are allowed in proceeding to determine liability of State for negligent operation of one of its motor vehicles by State employee while in the course of his duties, a public question being involved (1 Comp. Laws 1929, §§ 4632, 4648).

Appeal from Court of Claims; Dehnke (Herman), J., presiding. Submitted June 18, 1942. (Docket No. 78, Calendar No. 41,865). Decided October 21, 1942.

Petition by Chloa Mead, administratrix of the estate of Roy Mead, deceased, against State of Michigan and Michigan Public Service Commission for damages for fatal injuries to plaintiff's deceased, sustained in an automobile accident. Order grant-

ing defendants' motion to dismiss vacated. Defendants appeal. Reversed.

*J. Donald Murphy* and *William J. Branstrom,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

*Clarence E. Page, amicus curiae.*

. Butzel, J. Chloa Mead, administratrix of the estate of Roy Mead, deceased, brought suit in the court of claims of the State of Michigan against the State and the Michigan public service commission. She dismissed the suit as to Edward D. Hurst, an employee of the Michigan public service commission, whom she had first included as a defendant. Hurst pleaded guilty to a charge of negligent homicide. For the purposes of this suit, on motion to dismiss, we assume that Hurst was guilty of negligence while driving a car belonging to defendants and while engaged in his official duties.

The act creating the court of claims (Act No. 135, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13862–1 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 27.3548 [1] *et seq.*), while providing a forum in which all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto* against the State or any of its departments, commissions, boards, institutions, arms or agencies, distinctly provides in section 24:

". "The act shall in no manner be construed as enlarging the present liabilities of the State and any of its departments, commissions, boards, institutions, arms or agencies."

The Michigan public service commission is an unincorporated commission or agency of the State, created by Act No. 3, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 11017-1 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 22.13 [1] *et seq.*).

The trial judge in the court of claims first granted defendants' motion to dismiss on the ground that the Michigan public service commission was a governmental agency, and that the defense of governmental function, raised by the motion to dismiss, was available to it and relieved it of liability at the common law. This defense continues to exist in the absence of any statute to the contrary. Subsequently, on a rehearing of said motion, and after the decision in *Miller* v. *Manistee County Board of Road Commissioners,* 297 Mich. 487 (136 A. L. R. 575), the judge vacated his former order on a petition to set aside the dismissal. In his opinion he still expresses a very slight doubt whether, in the light of *Miller* v. *Manistee County Board of Road Commissioners, supra,* a liability existed. He vacated his former order and reinstated the petition. We allowed an appeal.

Decision in the *Miller Case* involved certain statutory provisions contained in the Michigan motor vehicle law (1 Comp. Laws 1929, § 4632 *et seq.* [Stat. Ann. § 9.1431 *et seq.*]), and also provisions in the uniform motor vehicle act (1 Comp. Laws 1929, § 4693 *et seq.* [Stat. Ann. § 9.1561 *et seq.*]); and to some extent a construction of such statutory provisions. Very careful research and deliberation has resulted in the conclusion that we overstressed a portion of the statute and failed to sufficiently observe and preserve the attribute of sovereign immunity.

It is obvious that the State, either directly or through its agencies, may be and is the owner of motor vehicles. As to such ownership, there is noth-

ing in the statute to the contrary. See 1 Comp. Laws 1929, § 4632 (Stat. Ann. § 9.1561). Notwithstanding the statute (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) provides: ''The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle,'' it would be contrary to the great weight of the authority to hold that by enacting this provision of the statute the legislature intended to deprive the State of immunity from liability incident to the negligent use of its automobiles; and in that respect place the State on a par with private or corporate owners. The act is not couched in terms sufficiently clear and specific to make it applicable to State ownership of motor vehicles, and thereby indirectly deprive the State of immunity from liability incident to the negligent use of its motor vehicle. We so held in *Wrighton* v. *City of Highland Park*, 236 Mich. 279. See, also, *Wyandotte* v. *State Board of Tax Administration*, 278 Mich. 47. To hold that the Michigan motor vehicle law deprives the sovereign State of immunity in the respect noted would be to construe the act as including an important provision of which there is no hint in the title of the act. That would render the act in that particular unconstitutional.* Instead of so doing the act must be construed in a manner that will be consistent with constitutionality.

In deciding the *Miller Case* we gave too broad a construction to 1 Comp. Laws 1929, § 4724 (Stat. Ann. § 9.1592), which in part reads:

''The provisions of this act applicable to the drivers of vehicles upon the highways, shall apply to the *drivers* of all vehicles owned or operated by this State or any county, city, town, district or any

---

* See Const. 1908, art. 5, § 21.—Reporter.

other political subdivision of the State subject to such specific exceptions as are set forth in this act.''

The remaining portion of the above-quoted section limits the application of the part quoted. In substance, the limitation makes inapplicable the quoted provision where the persons or vehicles are engaged in highway work, but leaves it applicable ''to such persons and vehicles when traveling to or from such work.'' However, except as it may have some bearing upon the construction of the statute, the noted limitation does not materially affect decision in either the instant case or in the *Miller Case.*

The statutory provision just above quoted makes the *drivers* of State owned motor vehicles subject to the provisions of the act applicable to ordinary drivers; and in general the owner of a motor vehicle is liable for the negligence of its driver; but the statutory provision should not be construed, as was recently done in the *Miller Case,* to constitute an abolition or waiver of sovereign immunity when the State or its agency in using the motor vehicle was acting in a governmental capacity. It is sufficient to note that the above-quoted portion of the statute by its express terms affects only the duties and liabilities of *drivers.* It does not enlarge or modify the duties or liabilities of the State as the *owner* of a motor vehicle. Only a few months ago we reiterated that in the absence of a statute creating liability, the defense of governmental immunity still exists. *Daszkiewicz* v. *Board of Education,* 301 Mich. 212.

The doctrine of sovereign immunity has long been firmly established in the common law of this State, and it may not be held to have been waived or abrogated except that result has been accomplished by an express statutory enactment or by necessary inference from a statute. In this particular it is suffi-

cient to refer again, as did Mr. Justice Boyles in his dissenting opinion in the *Miller Case,* to our comparatively recent decision in *Butler* v. *City of Grand Rapids,* 273 Mich. 674. The prevailing opinion in the *Miller Case* read into the motor vehicle law a waiver of sovereign immunity which is not in the statute either expressly or by necessary implication. Such determination was erroneous and should be considered overruled by the holding in the instant case. Irrespective, however, of how impelling the argument may be that governmental agencies with large numbers of motor vehicles on the highway should not be absolved from liability to innocent victims of the carelessness of the drivers of such vehicles, a change in the established law of immunity of such governmental agencies as owners of such vehicles cannot be brought about by judicial fiat. It can only be done by the legislature.

For reasons stated the cause is remanded with instructions to set aside the order denying defendants' motion to dismiss, and to reinstate the former order of dismissal. The question being a public one, no costs will be allowed.

Chandler, C. J., and Boyles, North, Starr, Bushnell, and Sharpe, JJ., concurred. Wiest, J., did not sit.