McNAIR *v.* STATE HIGHWAY DEPARTMENT.

1. APPEAL AND ERROR—STATES—DIRECTED VERDICT—EVIDENCE.
Where finding of facts by presiding judge in court of claims amounted to a directed verdict for defendant State highway department, Supreme Court considers the evidence in the light most favorable to petitioner.

2. AUTOMOBILES—DEFECT IN HIGHWAYS—SPEED—ASSURED CLEAR DISTANCE AHEAD.
Where surface of gravel highway over new culvert was about a foot and a half above the old road bed, and was ramped off for 5 to 10 feet on both approaches, and an 8 or 10-inch depression left in highway on north side of culvert not readily visible to northbound drivers, causing petitioner in northbound car to be thrown to top of car and then to floor while passing over bump and depression and resulting in a compressed fracture of his spine, recovery was not barred because petitioner's driver was going at such speed as not

to be able to stop within assured clear distance ahead (1 Comp. Laws 1929, § 4697, as last amended by Act No. 318, Pub. Acts 1939).

3. SAME—SPEED—ASSURED CLEAR DISTANCE AHEAD—DEFECT IN HIGHWAY.

Rule that automobile driver is required to drive at such speed that he can stop within assured clear distance ahead applies in case of collision with objects not part of road, but has no application where he is injured by running into hole or bump in road (1 Comp. Laws 1929, § 4697, as last amended by Act No. 318, Pub. Acts 1939).

4. SAME—RANGE OF VISION—HOLES IN ROAD.

Rule that automobile driver must see objects and be able to stop within range of his lights does not apply to holes in road.

5. STATES—SOVEREIGN IMMUNITY—WAIVER—STATUTES.

The doctrine of sovereign immunity exists under the common law of the State and may not be held to have been waived or abrogated except that the result has been accomplished by an express statutory enactment or by necessary inference from a statute.

6. SAME—ABOLITION OF DEFENSE OF SOVEREIGN IMMUNITY—STATUTES.

Statutes relating to claims for damages arising from negligence, malfeasance or misfeasance of State officers, departments, subdivisions or employees, relating to negligence in construction or maintenance of trunk line highways or relating to court of claims. did not expressly or impliedly evince an intent to abolish defense of sovereign immunity as to claim against State highway department for alleged negligent maintenance of former United States highway then being repaved (1 Comp. Laws 1929, §§ 237, 238; Act No. 135, Pub. Acts 1939).

7. SAME—AUTHORITY TO WAIVE DEFENSE OF SOVEREIGN IMMUNITY.

The authority to waive defense of sovereign immunity is in the legislature and until there is legislative action authorizing an officer or agent of the State to waive such defense, it may not be done by any officer or agent.

8. SAME—WAIVER OF DEFENSE OF SOVEREIGN IMMUNITY—FAILURE TO PLEAD.

Failure to plead defense of sovereign immunity in proceeding against State for damages for alleged negligence in main-

taining former United States highway then being repaved when cause was at issue did not waive the defense.

9. SAME—WAIVER OF DEFENSE OF SOVEREIGN IMMUNITY—FAILURE TO PLEAD.

The failure to plead the defense of sovereign immunity cannot create a cause of action where none existed before.

10. AUTOMOBILES—SOVEREIGN IMMUNITY—MAINTENANCE OF HIGHWAYS.

Automobile passenger who was injured by reason of alleged negligence of State highway department in maintaining former United States highway then being repaved was not entitled to recover since doctrine of sovereign immunity was applicable.

11. APPEAL AND ERROR—REASONS FOR DECISION.

Where the trial judge reaches the right conclusion in deciding a case, Supreme Court does not disturb result attained even though other reasons should have been assigned.

Appeal from Court of Claims; Simpson (John), J., presiding. Submitted January 15, 1943. (Docket No. 64, Calendar No. 41,857.) Decided April 6, 1943.

Case by Charles McNair against State Highway Department for personal injuries sustained when automobile in which he was riding struck a bump and a hole. Judgment for defendant. Plaintiff appeals. Affirmed.

*Cozadd & Shangle,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Meredith H. Doyle, A. Floyd Blakeslee* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

SHARPE, J. Petitioner, Charles McNair, filed a claim in the court of claims for damages against the

State highway department for negligence in the maintenance of a State highway.

Charles McNair, his wife and daughter left Detroit for an automobile ride on Sunday, September 1, 1940. The party arrived at Sandusky, then drove to Carsonville and proceeded north on M-51, which was also the temporary route for US-25. After traveling north a few miles, petitioner's daughter, who was the driver of the car, turned east and arrived at Forrester. At this village the car proceeded north over what formerly had been US-25 highway, but which at that date was under construction for the purpose of being repaved.

Between Forrester and the place where the accident occurred, a distance of about a mile, work had been done on three culverts. About one mile north of Forrester the contractor had removed a 12-inch culvert and had replaced the same with a 2-foot cement tile culvert. The top of the tile was about six inches above the old road bed and on top of the tile was about one foot of sand and gravel. This sand and gravel had been ramped off for a distance of 5 to 10 feet to the north and south of the center of the tile and could be seen for a distance of 75 to 100 feet. Immediately north of the culvert, there was a depression in the highway of a depth of 8 or 10 inches which could not readily be seen by drivers of cars approaching from the south. It was on the east side of the road and extended half way across the road so that cars traveling north would naturally hit it.

Petitioner was injured during the time the car came in contact with the raised culvert and the depression. He filed a claim with the court of claims. A hearing was had and the presiding circuit judge denied petitioner any relief, saying: "From the facts of this case, the petitioner's daughter was

guilty of contributory negligence, which contributed to the petitioner's injuries, and said negligence being imputed to the petitioner, the petitioner cannot recover.''

Petitioner appeals and contends that the court erred in applying the rule that "a driver of a motor vehicle must operate his motor vehicle at such a speed as to be able to stop within the assured clear distance ahead'' when the obstruction is a ''bump'' and a ''depression'' in the highway; and that the finding of the trial court that the driver of the car was guilty of contributory negligence is against the overwhelming weight of the evidence and is not supported by the evidence.

In view of the fact that the finding of facts by the presiding judge amounted to a directed verdict for the defendant, we shall consider the evidence in the light most favorable to petitioner. Under such a construction, it appears that petitioner was traveling on a gravel road at a speed of approximately 35 miles per hour; that there was nothing to call the driver's attention to the fact that the road was under construction; that the condition of the road north of Forrester was good—''the condition of the highway from Forrester north on the 1st of September was as fair a condition as any gravel road;'' that there were no signs erected to warn the public that this ''bump'' was in the highway; and that as the car in which petitioner was riding hit the elevation in the highway it immediately hit the depression just to the north and petitioner was thrown against the top of the car, then to the floor behind the front seat, as a result of which he sustained a compressed fracture of the spine.

In our opinion, the rise in the road caused by the construction of the new culvert together with the depression in the road immediately north of the

culvert created a condition which takes this case out of the rule that a driver of a car is guilty of contributory negligence if he fails to drive at such a speed as to be able to stop in the assured clear distance ahead.* In our opinion the rule to be applied to the facts in the case at bar is well stated in *Marek* v. *City of Alpena,* 258 Mich. 637:

"A violation of the rule that a driver must drive his car at such a speed that he can stop within the assured clear distance ahead does not preclude his recovery for injuries in a case where they are caused by running into a hole or bump on the road. The assured clear distance rule is applied when there is collision with trucks or other objects not a part of the road."

In *Martin* v. *J. A. Mercier Co.,* 255 Mich. 587, 591 (78 A. L. R. 520), it was said:

"The rule that a driver must see objects and be able to stop within the range of his lights, applied to things on the road, does not apply to holes in the road."

The contributory negligence of plaintiff was a disputed question of fact and should have been disposed of as such by the trier of the facts, except for the fact that decision in this case must rest on other grounds.

In the case at bar, the defendant failed to raise the question of the State's sovereign immunity from liability when the cause was heard by the court of claims. It is urged by plaintiff that the defense of sovereign immunity has been both expressly and impliedly waived by statute. He relies upon Act No. 374, Pub. Acts 1925 (1 Comp. Laws 1929, § 238

---

* See 1 Comp. Laws 1929, § 4697, as last amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1942 Cum. Supp. § 9.1565).—REPORTER.

[Stat. Ann. § 3.381]) ; Act No. 259, Pub. Acts 1929 (1 Comp. Laws 1929, § 237 [Stat. Ann. § 3.371]) ; and the court of claims act (Act No. 135, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 13862–1 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 27.3548 (1) *et seq.*]) as authority for such claim.

In *Mead* v. *Michigan Public Service Commission,* 303 Mich. 168, 173, we said:

"The doctrine of sovereign immunity has long been firmly established in the common law of this State, and it may not be held to have been waived or abrogated except that result has been accomplished by an express statutory enactment or by necessary inference from a statute."

See also, *Butler* v. *City of Grand Rapids,* 273 Mich. 674, and *Manion* v. *State Highway Commissioner,* 303 Mich. 1.

From an examination of the above acts relied upon by petitioner, we are unable to find an express or implied intent upon the part of the legislature to abolish the defense of sovereign immunity. The authority to waive such defense is in the legislature and until there is legislative action authorizing an officer or agent of the State to waive such defense, it may not be done by any officer or agent.

Petitioner also urges that defendant waived the defense of sovereign immunity by its failure to plead the same when the cause was at issue in the court of claims. If, as we hold, such defense can only be waived by legislative action, then it necessarily follows that the attorney general, an officer of the State of Michigan, may not waive such defense. Moreover, the failure to plead the defense of sovereign immunity cannot create a cause of action where none existed before.

In the case at bar, the trial judge dismissed pe-

titioner's claim upon the theory that the driver of petitioner's car was guilty of contributory negligence as a matter of law. The claim should have been decided under the doctrine of sovereign immunity. However, where the trial judge reaches the right conclusion in deciding a case, we do not disturb the result attained even though other reasons should have been assigned.

The judgment of the court of claims is affirmed, with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.