*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT LONGREY,

Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

UNPUBLISHED
March 13, 2026
9:39 AM

No. 370064
Branch Circuit Court
LC No. 2022-080391-CD

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Plaintiff, Robert Longrey, appeals as of right the trial court's order granting defendant, Department of Corrections' (MDOC), motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff began working for the MDOC in 1999 as a Power Plant Operator in Jackson, Michigan. In 2018, the facility where plaintiff worked became automated, leading to the elimination of some positions, but plaintiff continued working as a Power Plant Operator until being hired as a Maintenance Mechanic in 2019. Plaintiff underwent multiple surgeries, including knee replacements in 2000 and 2003, and faced various medical challenges that required workplace accommodations and medical leaves.

In 2016, plaintiff underwent surgery to implant a back stimulator, leading to temporary work restrictions, which the MDOC approved. Plaintiff had another knee surgery in April 2019, resulting in further workplace restrictions, but he was informed that restrictions could not be maintained for more than six months. After a hospitalization in late 2019, plaintiff was declared absent without leave but later had the leave extended to cover the illness. In January 2020, plaintiff was placed on a Waived Rights Leave of Absence due to permanent disability, and by February 2020, he was informed he was no longer a state employee. Plaintiff filed a complaint with the Equal Employment Opportunity Commission in October 2020, alleging discrimination based on disability and age, and he received a notice of the right to sue in February 2022.

-1-

In August 2022, plaintiff filed a civil action alleging employment discrimination and retaliation by the MDOC, which denied all allegations and cited several affirmative defenses, including immunity. The MDOC moved for summary disposition in August 2023, arguing that plaintiff's failure to file a notice of intent with the Court of Claims barred the claim. The trial court granted the MDOC's motion for summary disposition. It is from this order that plaintiff appeals.

## II. ANALYSIS

The first dispositive question presented in this matter is whether our Supreme Court's decision in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), warrants prospective application.

"This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018).

Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*., guarantees an individual "[t]he opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a disability." MCL 37.1102(1). Under the PWDCRA, "a person shall accommodate a person with a disability for the purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship." MCL 37.1102(2). Similarly, a person shall not "[r]etaliate or discriminate against a person . . . because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under [PWDCRA]." MCL 37.1602(a). For the purposes of the PWDCRA, a "person" "includes . . . this state, or any other legal, commercial, or governmental entity or agency." MCL 37.1103(g).

The Court of Claims Act (COCA) outlines notice procedures that must be followed before an individual is permitted to file a suit against the state of Michigan or a state government entity. MCL 600.6431. The COCA's notice provision, MCL 600.6431(1), provides, in relevant part, as follows:

> [A] claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

In 2020, this Court held that plaintiffs were not required to comply with the notice provisions of the COCA to pursue claims against the State or its agencies in circuit court. *Tyrrell v Univ of Mich*, 335 Mich App 254, 272; 966 NW2d 219 (2020). This holding was expressly overruled by our Supreme Court in 2023, which clarified that the notice requirements set forth in MCL 600.6431(1) are applicable to all claims against the State, irrespective of whether the action is filed in circuit court or the Court of Claims. *Christie*, 511 Mich at 45.

In *Christie*, the parties did not dispute that the plaintiff failed to comply with the notice requirements of MCL 600.6431(1) within one year of the claim's accrual. *Id*. at 64-65. The Court held that strict compliance with MCL 600.6431 is a prerequisite to imposing liability on the State

or its agencies. *Id*. at 49-50. The Court's ruling was grounded in the plain statutory language and legislative history of MCL 600.6431, as well as the underlying purpose of the COCA in waiving sovereign immunity only under narrowly circumscribed circumstances. *Id*. at 52. Accordingly, the Court remanded for entry of summary disposition in favor of the State. *Id*. at 45. The Court contemporaneously ordered reinstatement of summary disposition for the defendant in *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66, 69; 993 NW2d 392 (2023).

As a general rule, Michigan judicial decisions are afforded full retroactive effect. *Pohutski v City of Allen Park,* 465 Mich 675, 695; 641 NW2d 219 (2002). However, courts recognize that prospective application may be warranted to avoid manifest injustice, particularly where settled precedent is overruled. *Id*. at 696. The dispositive inquiry in the civil context is whether the decision at issue articulated a new principle of law. *Id*. A rule of law is considered "new" for retroactivity purposes when it either overrules established precedent or addresses a matter of first impression not foreshadowed by prior appellate authority. *People v Phillips*, 416 Mich 63, 68; 330 NW2d 366 (1982). Upon determining that a new rule has been established, courts examine three factors to determine whether prospective application is appropriate: (1) the purpose to be served by the new rule, (2) the degree of reliance on former law, and (3) the impact of retroactive application on the administration of justice. *Pohutski*, 465 Mich at 696.

In 2024, this Court directly addressed the retroactivity of the *Christie* decision in *Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367863); slip op at 2-3. In *Flamont*, the plaintiff, an employee of the Michigan Department of Corrections, failed to file the requisite notice of intent in the Court of Claims prior to initiating suit in circuit court alleging sex discrimination. *Id*. at ___; slip op at 2. The plaintiff asserted that compliance with MCL 600.6431 was unnecessary because the action was not commenced in the Court of Claims and further argued that *Christie* and *Elia* should not be applied retroactively. *Id*. This Court rejected this argument, holding that *Christie* "clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law . . . ." *Id*. at ___; slip op at 6. Because *Christie* did not announce a new rule, the decision was given full retroactive effect. *Id*. This Court reversed the trial court's refusal to apply *Christie* retroactively and directed entry of summary disposition in favor of the defendant. *Id*.

In the instant matter, there is no dispute that plaintiff failed to comply with the COCA's notice requirements prior to instituting his PWDCRA action against the Michigan Department of Corrections in circuit court. See MCL 600.6431(1). While plaintiff accurately points out that the *Tyrrell* standard had not yet been overruled at the time of filing, the Michigan Supreme Court subsequently made clear that noncompliance with MCL 600.6431 bars such claims. See *Christie*, 511 Mich at 45, 49-50; see also *Elia*, 511 Mich at 69. Plaintiff's contention that *Christie* should be limited to prospective application as a newly established rule of law is foreclosed by our decision in *Flamont*, which held that *Christie* did not constitute a new rule and is to be applied retroactively. See *Flamont*, ___ Mich App at ___; slip op at 6. Consequently, examination of the *Pohutski* factors is unnecessary, as the retroactive application of *Christie* is controlling. *Pohutski*, 465 Mich at 696.

## III. WAIVER

Plaintiff next contends that the MDOC waived its governmental immunity by neglecting to plead it as an affirmative defense and by its conduct before the trial court.

"The doctrine of sovereign immunity has long been firmly established in the common law of this state, and it may not be held to have been waived or abrogated except . . . by an express statutory enactment or by necessary inference from a statute." *Mead v State*, 303 Mich 168, 173; 5 NW2d 740 (1942). Similarly, "[i]t is well established that governmental immunity is not an affirmative defense but is instead a characteristic of government." *Fairly v Dep't of Corrections*, 497 Mich 290, 298; 871 NW2d 129 (2015). Therefore, "it is the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions [to governmental immunity]." *Mack v Detroit*, 467 Mich 186, 201; 649 NW2d 47 (2002).

Plaintiff's argument that the MDOC waived its immunity is unavailing, as governmental immunity is intrinsic to the MDOC's status as a governmental agency. *Fairley*, 497 Mich at 298. Although the MDOC asserted both governmental immunity and immunity by operation of law as affirmative defenses in its answer, this does not alter the fundamental legal principle that immunity is not an affirmative defense. The burden was on plaintiff to demonstrate that an exception to governmental immunity applied, a burden plaintiff failed to carry by not complying with the requirements of the COCA. See MCL 600.6431(1); *Mack*, 467 Mich at 201. While the Court recognizes that the MDOC's conduct in the trial court resulted in extended proceedings and unnecessary discovery, plaintiff's reliance on nonbinding authority does not warrant reversal of the trial court's grant of summary disposition. Controlling precedent in Michigan unequivocally holds that governmental immunity may only be waived by legislative action. See *Mead*, 303 Mich at 173.

Affirmed. No costs are awarded to either party, a public question being involved. MCR 7.219(A). *Bay City v Bay Co Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

-4-