# STATE OF MICHIGAN

# COURT OF APPEALS

JANE DOE,

        Plaintiff-Appellee,

v

DEPARTMENT OF TRANSPORTATION,

        Defendant-Appellant.

FOR PUBLICATION
May 8, 2018
9:05 a.m.

No. 338999
Court of Claims
LC No. 17-000149-MZ

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right the opinion and order of the Court of Claims granting plaintiff's motion to transfer the case back to the circuit court, denying as moot defendant's motion for summary disposition, and denying plaintiff's motion for sanctions. Defendant only appeals the order with respect to its granting plaintiff's motion to transfer and denying defendant's motion for summary disposition. We affirm.

Plaintiff filed her original complaint on August 31, 2015, in circuit court alleging that, while employed by defendant, she was sexually harassed by her manager in violation of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. On April 21, 2016, plaintiff filed a first amended complaint alleging sexual harassment and illegal retaliation by defendant in violation of the ELCRA. Both complaints included a jury demand. On May 25, 2017, defendant filed a notice of transfer to the Court of Claims, "effective immediately," pursuant to MCL 600.6404(3). On the same day, defendant filed a motion for summary disposition under MCR 2.116(C)(7) arguing it was entitled to summary disposition because plaintiff failed to comply with the requirements for filing in the Court of Claims.

On June 5, 2017, plaintiff filed an emergency motion to transfer the case back to the circuit court, arguing that the jury-trial exception in MCL 600.6421(1) to the exclusive jurisdiction of the Court of Claims applied. In response to plaintiff's motion, defendant argued that the jury-trial exception did not apply because plaintiff was not entitled to a jury trial in an action under the ELCRA against a state defendant.

On June 20, 2017, the Court of Claims issued its opinon. The court found that it was "well established in this state's jurisprudence that [plaintiff] enjoys" the right to a jury trial in an action under the ELCRA and that Michigan's appellate courts had extended this right "to claims against the state or state agencies." The Court of Claims concluded that, because a jury-trial

-1-

right existed in this case, the circuit court and the Court of Claims had concurrent jurisdiction. Accordingly, the court granted plaintiff's motion for transfer to the circuit court and denied as moot defendant's motion for summary disposition.

This appeal followed.

Defendant argues that the Court of Claims erred by transferring the case back to the circuit court because the Court of Claims had exclusive jurisdiction. MCL 600.6419(1) states, "Except as provided in sections 6421 and 6440, the jurisdiction of the court of claims, as conferred upon this chapter, is exclusive." If an exception does not apply, then the Court of Claims has exclusive jurisdiction over this action pursuant to MCL 600.6419(1)(a).[1] The only exception that may apply to the Court of Claims's exclusive jurisdiction is MCL 600.6421(1), which provides in pertinent part as follows:

> Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013. Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law. Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.

If plaintiff had the right to a jury trial in her case against defendant, defendant does not contest that transfer back to the circuit court was otherwise proper.

On appeal, defendant concedes that a right to a jury trial exists under the ELCRA, but argues that this right does not extend to *state* defendants. Defendant contends that, because a plaintiff does not have an established right to a jury trial in an action under the ELCRA when the state is the defendant, the Court of Claims had exclusive jurisdiction. This argument fails because the question is not whether a plaintiff enjoys the right to a jury trial against a state defendant in an action under the ELCRA; plaintiffs already enjoy the right to a jury trial under the ELCRA. The proper inquiry is whether the Legislature waived the state's immunity from jury trial in the ELCRA.

---

[1] MCL 600.6419(1)(a) states that the Court of Claims has jurisdiction

> [t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

A challenge to the jurisdiction of the Court of Claims requires interpretation of the Court of Claims Act, which presents a statutory question reviewed de novo. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767; 664 NW2d 185 (2003). The availability of governmental immunity presents a question of law that is reviewed de novo. *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 578; 808 NW2d 578 (2011). "Issues of statutory interpretation are questions of law that are reviewed de novo." *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011).

" 'The State, as sovereign, is immune from suit save as it consents to be sued, and any relinquishment of sovereign immunity must be strictly interpreted.' " *Ross v Consumers Power Co*, 420 Mich 567, 601; 363 NW2d 641 (1984), quoting *Manion v State*, 303 Mich 1, 19; 5 NW2d 527 (1942).

In addressing the issue before us, we find instructive our Supreme Court's reasoning in *Anzaldua v Band*, 457 Mich 530; 578 NW2d 306 (1998).[2] *Anzaldua* involved the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*. After finding that a plaintiff had a statutory right to a jury trial in an action under the WPA, the Michigan Supreme Court addressed the argument of the defendant Michigan State University (MSU) that "even if a jury right exists generally under the act, MSU is immune from suit before a jury because it is an arm of the state." *Anzaldua*, 457 Mich at 550. Our Supreme Court rejected this argument, reasoning as follows:

> Defendant has confused the test we use to determine whether the state is immune from *liability* with the test used for determining whether the state is immune from *suit*. As the Court noted in *Ross v Consumers Power Co (On Rehearing)*, the state's sovereign immunity from liability and its immunity from suit are not the same.
>
> Defendant MSU and amici curiae argue that the state's sovereign immunity from a trial by jury can be waived only by "express statutory enactment or by necessary inference from a statute." They are incorrect. The quoted language comes from this Court's opinion in *Mead v Public Service Comm*, 303 Mich 168, 173; 5 NW2d 740 (1942). In *Mead*, we examined portions of the motor vehicle law, 1929 CL 4724. In ruling on *Mead*, we overturned one of our

---

[2] This Court has twice held that a plaintiff has the right to a jury trial when proceeding against a state defendant under the ELCRA. See *Barbour v Dep't of Social Servs*, 172 Mich App 275, 279-281; 431 NW2d 482 (1988); *Marsh v Dep't of Civil Serv*, 142 Mich App 557, 569-570; 370 NW2d 613 (1985). As published decisions of the Court of Appeals, the Court of Claims was required to follow these cases. See MCR 7.215(C)(2); *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987) (explaining vertical stare decisis). However, both cases were decided before our Supreme Court's decision in *Anzaldua*, and neither case expressly addressed whether the Legislature waived the state's immunity from jury trial. Although these cases are not binding on this Court because they were published before November 1, 1990, MCR 7.215(J)(1), they may be persuasive, *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

own prior decisions, *Miller v Manistee Co Bd of Rd Comm'rs*, 297 Mich 487; 298 NW 105 (1941). We held that *Miller* had given the language of the motor vehicle law too broad a construction when it extended liability to the state. *Mead*, *supra* at 172-173.

In *Miller*, the Court had construed the motor vehicle law to waive the state's immunity from liability as the owner of a vehicle. *Id*. at 490. However, the motor vehicle law made only the *driver* of a vehicle liable. The act provided:

> "The provisions of this act applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this State or any county, city, town, district or any other political subdivision of the State subject to such specific exceptions as are set forth in this act." [*Mead*, *supra* at 172-173, quoting 1929 CL 4724.]

In overruling *Miller*, the Court in *Mead* explained:

> It is sufficient to note that the above-quoted portion of the statute by its express terms affects only the duties and liabilities of drivers. It does not enlarge or modify the duties or liabilities of the State as owner of a motor vehicle. [*Id*. at 173.]

The motor vehicle law did not, by its express terms or by necessary implication, provide liability for the state as an owner. Therefore, we held that the state had not waived its immunity to liability. *Id*. at 173-174.

The Whistleblowers' Protection Act satisfies the *Mead* test for waiver of immunity from liability. The Legislature expressly applied the act to the state by including the state and its political subdivisions in the definition of "employer." See MCL 15.361(b); MSA 17.428(1)(b). Because the state is expressly named in the act, it is within the act's coverage.

However, *Mead* does not provide a test for determining whether a jury right exists against the state. The Court of Appeals dissent cited *Mead* for the proposition that the state's immunity from suit before a jury could be waived only by express statutory enactment or by necessary inference. [*Anzaldua v Band*, 216 Mich App 561, 590; 550 NW2d 544 (1996)] (O'CONNELL, J., dissenting). However, *Mead* does not concern the state's immunity from suit. Rather, the state was subject to suit in the Court of Claims, and we held merely that it was immune from liability under the act involved in that case. As we noted above, immunity from suit and immunity from liability are distinct matters. See *Ross*, *supra* at 601.

Thus, the language from *Mead* to the effect that the state waives immunity only by express statutory enactment or by necessary inference applies only to the state's immunity from liability. It has no application to the state's immunity from suit, or to immunity from trial before a jury, which is at issue here.

-4-

The rule for immunity from suit was recognized by this Court in *Ross*: " 'The State, as sovereign, is immune from suit save as it consents to be sued, and any relinquishment of sovereign immunity [from suit] must be strictly interpreted . . . .' " *Id*. at 601, quoting *Manion* v *State Hwy Comm'r*, 303 Mich 1, 19-21; 5 NW2d 527 (1942).

The Legislature created the Court of Claims in 1939, permitting the state to be sued before a judge. *Ross, supra* at 600. The broad language of the act creating the Court of Claims mandates that suits against the state for money damages are typically brought in that forum. *Id*. See MCL 600.6419; MSA 27A.6419.

As *Ross* makes clear, the Legislature was free when enacting the Whistleblowers' Protection Act to waive the state's immunity from suit. *Ross, supra* at 601. Section 3 of the act allows suit to be brought in the circuit courts. The statute specifically includes the state among the bodies to be regulated by defining "employers" subject to the act to include the state and its political subdivisions. Nothing in the act suggests that the state is not to be treated the same as a business for purposes of the act's protection of noncivil service employees like the plaintiff. We find it significant that the Legislature chose to subject the state to suit in the circuit court rather than in the Court of Claims.

The express language of the act indicates that the Legislature intended to submit the state to the jurisdiction of the circuit court. As indicated above, the court rules govern in civil actions in circuit court. They provide that legal actions for money damages are to be tried by a jury upon request. Hence, it necessarily follows, the Legislature consented that the state may be tried by a jury in Whistleblowers' Protection Act cases.

We uphold the result reached by the Court of Appeals on the question whether the case against MSU may be tried by a jury. We find that MSU is subject to a trial by jury under the Whistleblowers' Protection Act as provided by the court rules, generally. Plaintiff is entitled to a jury in her suit against both defendants. [*Anzaldua*, 530 Mich at 550-554 (footnote omitted; some alterations in original).]

The WPA is constructed similarly to the ELCRA, see *id*. at 545-548, and, therefore, we find our Supreme Court's interpretation of the WPA to be instructive for how the ELCRA should be interpreted. To reiterate, defendant concedes on appeal that a jury-trial right generally exists under the ELCRA. But like MSU in *Anzaldua*, defendant in this case argues that it is not subject to jury trial because it is an arm of the state. And like MSU's argument in *Anzaldua*, defendant's argument fails.

Pursuant to MCL 37.2202,

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.[3]

Pursuant to MCL 37.2201(a), " 'Employer' means a person who has 1 or more employees, and includes an agent of that person." MCL 37.2103 provides:

As used in this act:

* * *

(g) "Person" means an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, unincorporated organization, *the state or a political subdivision of the state or an agency of the state*, or any other legal or commercial entity.

(h) "Political subdivision" means a county, city, village, township, school district, or special district or authority of the state. [Emphasis added.]

Based on the foregoing, "[t]he Legislature expressly applied the act to the state by including the state and its political subdivisions in the definition" of "person." *Anzaldua*, 457 Mich at 551. Relevant to the case before us, the Legislature defined "employer" as "a person" with one or more employees. MCL 37.2201(a). Therefore, like the WPA, the ELCRA satisfies "the *Mead* test for waiver of immunity from liability." *Id*. at 551. This conclusion is well grounded in our caselaw. See *Manning v City of Hazel Park*, 202 Mich App 685, 699; 509 NW2d 874 (1993) ("Concerning the sex and age discrimination claims, defendants do not have a governmental immunity defense because the Civil Rights Act specifically includes state and political subdivisions and their agents as employers covered by the act."); *John Does 11-18 v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 332536, 335440, 335527); slip op at 8 ("Contrary to defendants' assertions, the law is clear that governmental immunity does not apply to ELCRA claims."); *In re Bradley Estate*, 494 Mich 367, 393 n 60; 835 NW2d 545 (2013).

However, this does not resolve whether the Legislature in the ELCRA waived the state's "immunity from suit, or to immunity from trial before a jury, which is at issue here." *Anzaldua*, 457 Mich at 552. A cause of action under the ELCRA is provided in MCL 37.2801, which states as follows:

(1) A person alleging a violation of this act *may bring a civil action for* appropriate injunctive relief or *damages*, or both.

---

[3] Pursuant to MCL 37.2103(i), "Discrimination because of sex includes sexual harassment."

(2) *An action commenced pursuant to subsection (1) may be brought in the circuit court* for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business.

(3) As used in subsection (1), "damages" means damages for injury or loss caused by each violation of this act, including reasonable attorney's fees. [Emphasis added.]

When enacting the ELCRA, the Legislature was free to waive the state's immunity from suit. See *Anzaldua*, 457 Mich at 553. MCL 37.2202(1) prohibits discrimination by an "employer"; MCL 37.2201(a) defines an "employer" as "a person"; and MCL 37.2103(g) specifically includes the state and its political subdivisions in the definition of a "person." It is therefore clear that the Legislature intended for the state and its political subdivisions to be regulated by and subject to the ELCRA. See *Anzaldua*, 457 Mich at 553. MCL 37.2801(2) allows suit under the ELCRA to be brought in circuit court. Nothing in the ELCRA indicates that the state is to be treated different from any other employer, indicating that "the Legislature chose to subject the state to suit in the circuit court rather than in the Court of Claims." *Anzaldua*, 457 Mich at 553. Therefore, based on "[t]he express language of the act . . . the Legislature intended to submit the state to the jurisdiction of the circuit court." *Id*. And the court rules governing circuit court allow a party seeking money damages "to be tried by a jury upon request." *Id*. "Hence, it necessarily follows, the Legislature consented that the state may be tried by a jury in" ELCRA cases. *Id*. at 553-554. In other words, the Legislature waived the state's immunity from jury trial in actions brought under the ELCRA.

Defendant argues that *Anzaldua* employed improper reasoning and was ultimately wrongly decided. Whatever issues defendant may take with *Anzaldua*, "it is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until [that] Court takes such action, the Court of Appeals and all lower courts are bound by that authority." *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009) (quotation marks and citation omitted; alteration in original); see also *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987).

Defendant also contends on appeal that *Anzaldua*'s "persuasive value" was "undercut" by the enactment of 2013 PA 164 because that act "abrogated the primary rationale for affording plaintiffs a right to a jury—the ELCRA's grant of jurisdiction to the circuit courts." This is apparently a reference to MCL 600.6419, which defendant argues "[b]y its plain terms . . . superseded MCL 37.2801(2), which granted circuit court jurisdiction over ELCRA claims."

Defendant's argument fatally ignores MCL 600.6421(1). By its plain language, MCL 600.6419 is expressly subject to MCL 600.6421. See MCL 600.6419(1) ("Except as provided in sections 6421 and 6440, the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive."). MCL 600.6421(1) states that "[n]othing in this chapter eliminates . . . any right a party may have to a trial by jury." Therefore, pursuant to MCL 600.6421(1), the Court of Claims's expanded jurisdiction in MCL 600.6419 cannot be construed to deprive a party of an existing right to a jury trial.

Accordingly, because plaintiff was entitled to a jury trial against defendant in her action under the ELCRA, the Court of Claims had concurrent jurisdiction with the circuit court by virtue of MCL 600.6421(1). Therefore, the Court of Claims did not err by transferring the case back to the circuit court.[4]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[4] Because the Court of Claims properly transferred the case back to the circuit court, defendant's argument that plaintiff did not follow the procedures necessary to proceed in the Court of Claims is moot and this Court need not address it. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).