*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROPERTY DREAMS, LLC,

        Plaintiff-Appellant,

v

SYLVESTER MCCRARY and IAN JOHNSON,

        Defendants-Appellees,

and

CHRISTIAN MCLAWERY,

        Defendant.

UNPUBLISHED
January 15, 2019

No. 340177
Wayne Circuit Court
LC No. 15-014588-CH

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this quiet title action, plaintiff appeals as of right the trial court's order granting defendants Sylvester McCrary and Ian Johnson's motion to dismiss pursuant to MCR 2.401(G). We reverse.

This case arises from an action to quiet title in which plaintiff alleged that defendants fraudulently conveyed to themselves several properties located in the city of Detroit. During the course of discovery, plaintiff's counsel lost contact with plaintiff's representative, Siddeshwar Elijala. Elijala lives in Australia and did not attend any of the court-ordered settlement conferences. The trial court issued an order explicitly directing Elijala to appear at a settlement conference,[1] but he failed to do so. Defendants moved to dismiss the case with prejudice under

---

[1] The court's standard scheduling order form notes that "trial attorneys, parties, lienholders and insurance representatives or other persons with authority to make a final decision as to settlement are required to appear at the Settlement Conference, unless excused by the assigned judge." The

MCR 2.401(G), and the trial court granted the motion. Plaintiff filed a motion for reconsideration alleging, in pertinent part, that Elijala had been temporarily unable to access the e-mail account to which the order requiring his appearance had been sent. The trial court denied the motion for reconsideration, and plaintiff now appeals as of right.

On appeal, plaintiff contends that the trial court erred when it dismissed the case with prejudice for Elijala's failure to appear. We agree.

This Court reviews a trial court's decision dismissing an action for an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). A trial court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "The proper interpretation and application of a court rule is a question of law, which we review de novo." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

The trial court possesses the inherent authority to sanction litigants, which includes the right to dismiss an action with prejudice. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). The Michigan Court Rules give the trial court the power to compel the appearance of a party's agent or representative at a settlement conference. MCR 2.401(F)(1). A representative's failure to attend a settlement conference may constitute grounds for dismissal. MCR 2.401(G)(1). See also MCR 2.504(B)(1) (authorizing dismissal of an action for noncompliance with a court order).

Although a trial court has the authority to dismiss a noncomplying party's claim for a failure to appear, the Michigan Court Rules and this Court's decisions recognize this authority should be exercised sparingly. MCR 2.401(G)(2) provides:

> The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that
>
> (a) entry of an order of default or dismissal would cause manifest injustice; or
>
> (b) the failure was not due to the culpable negligence of the party or the party's attorney.
>
> The court may condition the order on the payment by the offending party or attorney of reasonable expenses as provided by MCR 2.313(B)(2).

form further advises that noncompliance with the scheduling order "may result in sanctions." After Elijala failed to attend a number of conferences, the trial court entered a separate order on June 20, 2017, directing Elijala to appear in person at a settlement conference on June 30, 2017.

Furthermore, this Court has stated that "[o]ur legal system favors disposition of litigation on the merits," and "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506-507. A trial court must follow the procedures set forth in the Michigan Court Rules before ordering a dismissal with prejudice. *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007).

In determining whether dismissal is the most appropriate sanction, the trial court must give careful consideration to all relevant factors and the circumstances of the case. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 164-165; 792 NW2d 749 (2010). In *Vicencio*, this Court identified the following nonexhaustive list of factors:

> (1) whether the violation was wilful [sic] or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (quotation marks and citation omitted). A trial court's failure to evaluate these options on the record before dismissing a case amounts to an abuse of discretion. *Vicencio*, 211 Mich App at 506-507.

Plaintiff contends that the trial court should not have resorted to dismissal with prejudice when the *Vicencio* factors did not favor such a harsh sanction. According to plaintiff, other sanctions were more appropriate under the circumstances of the case and, therefore, the trial court's decision to dismiss the case with prejudice was an abuse of discretion. Although we decline to determine at this juncture whether dismissal was the most appropriate sanction, we agree that the trial court abused its discretion.

The record must reflect that the trial court both evaluated the other sanctions available and also carefully considered the *Vicencio* factors in making its determination. *Duray*, 288 Mich App at 165; *Kalamazoo Oil Co*, 242 Mich App at 86. At the motion hearing, the trial court merely stated that MCR 2.401(G) was "on point" and granted defendants' motion to dismiss based upon Elijala's failure to appear. The trial court did not consider other possible sanctions, despite the request of plaintiff's counsel to do so. The trial court also failed to evaluate the factors outlined in *Vicencio* on the record before making its decision. Finally, MCR 2.401(G)(2) mandates that the trial court excuse a failure to attend a conference and enter an order other than one of dismissal under certain circumstances, and there is no indication that the trial court considered if either MCR 2.401(G)(2)(a) or (b) were applicable to the case at hand.

While we recognize that both plaintiff and defendants contend on appeal that the factors outlined in *Vicencio* support their respective positions on the trial court's dismissal order, it is not the place of this Court to evaluate the factors independently. See *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987)[2] (declining to usurp trial court's function of evaluating in the first instance whether dismissal was the most appropriate sanction). It is possible that dismissal with prejudice is the most appropriate remedy under the circumstances. But it is the responsibility of the trial court to come to this determination after a thorough consideration on the record of other available sanctions and the factors outlined in *Vicencio*. For this reason, we reverse and remand for reconsideration on the record of relevant factors, as outlined in *Vicencio*, and redetermination of what, if any, sanction is just and proper considering the circumstances of the case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

---

[2] Although *Houston* is not precedentially binding upon this Court, MCR 7.215(J)(1), we consider it as persuasive authority. *Doe v Dep't of Transp*, 324 Mich App 226, 231 n 2; 919 NW2d 670 (2018).