*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYROSH BROWN,

        Plaintiff-Appellant,

v

AVALON BUILDING CONCEPTS,

        Defendant-Appellee.

UNPUBLISHED
March 19, 2019

No. 341867
Kent Circuit Court
LC No. 16-011256-CK

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion to dismiss pursuant to MCR 2.504(B)(1). We reverse and remand for further proceedings consistent with this opinion.

The parties entered into a contract in which defendant agreed to replace plaintiff's roof. Defendant completed the work and received payment in full. In December 2016, plaintiff filed this suit in Kent Circuit Court, alleging that defendant's work on his roof was unsatisfactory. The trial court held a scheduling conference, at which it explicitly advised the *pro se* plaintiff that both parties would be required to comply with applicable court rules and the trial court's scheduling order. In May 2017, defendant served discovery requests to plaintiff, including requests for admissions, requests for production, and interrogatories. Plaintiff failed to reply to these written discovery requests. Defendant filed a second set of requests for admissions in July 2017, to which plaintiff filed a response of blanket denials as to each request except those pertaining to the identities of the parties. Plaintiff failed to file a witness list or otherwise disclose any witnesses he would present at trial. The parties were also ordered to attend case evaluation. A notice to appear at case evaluation was sent to both parties, stating that failure to attend may result in dismissal under MCR 2.504(B). Plaintiff acknowledges that he arrived at case evaluation late, after defendant had left.

After case evaluation, defendant moved for dismissal based on plaintiff's failure to file witness lists, respond to discovery requests, or fully participate in mediation or case evaluation. Plaintiff filed a written objection but did not appear at the hearing on the motion. The trial court granted defendant's motion, finding that plaintiff had failed to comply with pretrial procedure.

-1-

Plaintiff objected to entry of an order to dismiss submitted under MCR 2.602(B)(3), alleging that dismissal would be illegal, unlawful, and biased. The trial court considered plaintiff's objection but reiterated that plaintiff had repeatedly failed to comply with the court's scheduling order despite being advised of the court's orders and rules at the scheduling conference. The court entered the order of dismissal, and plaintiff now appeals.

This Court reviews a trial court's decision to grant a motion to dismiss for an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010).

Plaintiff first argues that he did not receive notice that his presence was necessary at the hearing on the motion to dismiss and that, without notice, the trial court could not properly dismiss his claim. Plaintiff's position is premised on a misunderstanding of the record. The trial court dismissed plaintiff's case based on his failure to comply with pretrial procedures, not his absence from the motion hearing.

A trial court may dismiss an action pursuant to MCR 2.504(B)(1), which provides: "If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." "Dismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506. This Court has summarized a nonexhaustive list of factors that should be considered before dismissal:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

"[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks and citation omitted; alteration in original). A trial court's failure to evaluate other options on the record before dismissing a case amounts to an abuse of discretion. *Vicencio*, 211 Mich App at 506-507.

Here, there is no indication that the trial court considered the *Vicencio* factors or evaluated other available sanctions before dismissing plaintiff's case. We therefore agree with plaintiff's contention that a remand is required. *Id*. While we recognize that dismissal may have been an appropriate sanction, the trial court could not properly reach that determination without first considering the factors outlined in *Vicencio* on the record. Nor would it be appropriate for this Court to independently evaluate the issue at this juncture. See *Houston v Southwest Detroit*

*Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987)[1] (declining to usurp trial court's function of evaluating in the first instance whether dismissal was the most appropriate sanction). Accordingly, we reverse and remand for reconsideration of relevant factors, as outlined in *Vicencio*, and redetermination of what, if any, sanction is just and proper considering the circumstances of the case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica

---

[1] Although *Houston* is not precedentially binding upon this Court, MCR 7.215(J)(1), we consider it as persuasive authority. *Doe v Dep't of Transp*, 324 Mich App 226, 231 n 2; 919 NW2d 670 (2018).