*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

M.A.S., by Next Friend MARY SAUNDERS, and
ANTONIO ROBERT FORD,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and MICHIGAN STATE
POLICE,

        Defendants-Appellants,

and

TROOPER CRAIG WINNIE and TROOPER
JOHN MILLER,

        Defendants.

UNPUBLISHED
May 21, 2020

No. 346322
Genesee Circuit Court
LC No. 18-110518-CD

---

ESTATE OF TIPHANIE FAYETTE MAYFIELD,
by QUAVON TRAWICK, Personal
Representative, and PATRENA JAMES, by
MERKELLE JAMES, Conservator,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and MICHIGAN STATE
POLICE,

        Defendants-Appellants.

No. 346327
Genesee Circuit Court
LC No. 17-109265-CD

---

Before: SWARTZLE, P.J., and GLEICHER and M.J. KELLY, JJ.

-1-

PER CURIAM.

Defendants State of Michigan and Michigan State Police (MSP) ask that we reverse the trial court and order that court to grant them immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. We decline to do so and affirm.

These consolidated appeals arise from automobile accidents in Flint that involved MSP patrol cars engaged in high-speed chases. As alleged, plaintiffs were bystanders who were injured or killed as a result of the chases, and plaintiffs sued defendants. In their complaints, plaintiffs do not allege that defendants owe them no-fault benefits or any ordinary tort-related relief. Rather, plaintiffs style their allegations as disparate-impact and disparate-treatment claims under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. They seek (1) damages under the act, (2) a declaration that the MSP policy of permitting high-speed chases for minor-traffic offenses is unconstitutional, and (3) injunctive relief requiring adoption of a different policy.

In response, defendants moved for summary disposition under MCR 2.116(C)(7), asserting that they were immune from plaintiffs' claims under the GTLA. Broadly speaking, the GTLA grants immunity to the state for certain ordinary torts, although the act does not similarly grant immunity for civil-rights claims under the ELCRA. *Does 11-18 v Dep't of Corrections*, 323 Mich App 479, 483; 917 NW2d 730 (2018). Against the objection that the complaint does not expressly allege an ordinary tort claim, defendants argued that the gravamen of the allegations sound in tort, not disparate impact or treatment. The trial court denied their motions, and defendants now appeal.

This Court considered a similar question in *Diamond v Witherspoon*, 265 Mich App 673, 688-691; 696 NW2d 770 (2005), when it allowed the plaintiffs to pursue claims under the ELCRA based on alleged sexual assaults committed by a police officer. The plaintiffs in that case *could* have brought ordinary tort claims, but they did not, and this Court declined the invitation to rewrite the complaints. As for defendants' reliance on *Robinson v City of Detroit*, 462 Mich 439; 613 NW2d 307 (2000), we find it unpersuasive. While that case did consider "the parameters of civil liability for governmental agencies and police officers when a police chase results in injuries or death to a person other than the driver of the fleeing vehicle," *id*. at 444, the plaintiff in that case did not raise a claim under ELCRA and, as a consequence, the Court did not consider the controlling legal question at issue here.

Simply stated, plaintiffs are masters of their complaints, and they did not expressly allege an ordinary tort claim. We need not determine whether the gravamen of the allegations *could* support an ordinary tort claim, because plaintiffs have made plain that they are not pursuing such a claim. As they state in their appellate brief: "[T]here is no claim against these defendants for negligent or grossly negligent operation of a public vehicle." If plaintiffs attempt to add such a claim in the future, then defendants can defend against that attempt (including arguing immunity), but this is only a hypothetical matter at this point. Whether the gravamen of the allegations supports a viable claim under the ELCRA was not raised in defendants' motions and, therefore, that matter is not before us. Relatedly, because the trial court has concurrent jurisdiction over ELCRA claims against state defendants, we decline the request to have the cases transferred to the Court of Claims. *Doe v Dep't of Transp*, 324 Mich App 226, 238; 919 NW2d 670 (2018).

Finally, defendants argue that the no-fault act limits the damages that plaintiffs could recover under the ELCRA. This is not a proper basis for summary disposition under MCR 2.116(C)(7) and, therefore, we follow the trial court's lead and decline to address the matter.

Affirmed. Plaintiffs, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly