*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH CHISHOLM,

              Plaintiff-Appellee,

v

STATE POLICE and STATE OF MICHIGAN,

              Defendants-Appellants.

FOR PUBLICATION
August 3, 2023
9:00 a.m.

No. 355691
Court of Claims
LC No. 20-000078-MZ

Before: GADOLA, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendants, the State Police and the State of Michigan, appeal as of right[1] the Court of Claims' order denying their motion for summary disposition under MCR 2.116(C)(7) and (10) of plaintiff's claim for personal protection insurance benefits under Michigan's no-fault act, MCL 500.3101 *et seq*., and asserting a tort claim under the motor vehicle exception to the government tort liability act (GTLA), MCL 691.1405. We affirm.

## I. FACTS

This case arises from a motor vehicle collision. At about 9:50 p.m. on May 3, 2019, plaintiff, who was operating a motorcycle, was stopped at a red light in the right lane of Inkster Road in Inkster, Michigan. As plaintiff began his right turn, he was struck from behind by a police vehicle driven by a state trooper; the officer reportedly was watching the cross-traffic and did not realize that the motorcycle had stopped. Plaintiff denied any injury at the time and refused emergency medical treatment. The following day, however, on May 4, 2019, plaintiff was evaluated at an emergency room for neck and back pain, and he later received follow-up medical treatment. Plaintiff sought payment of no-fault benefits from defendants' third-party benefits

---

[1] An order denying a governmental party summary disposition under MCR 2.116(C)(7) or (10) on the basis of governmental immunity is a final order appealable as of right, MCL 7.202(6)(a)(*v*), limited to the portion of the trial court's order denying the claim on the basis of governmental immunity. MCR 7.203(A)(1)(b); *Pierce v Lansing*, 265 Mich App 174, 182; 694 NW2d 65 (2005).

administrator. The administrator referred plaintiff for an independent medical examination and thereafter concluded that it would pay benefits only for the initial medical evaluation and physical therapy immediately following the incident.

On November 1, 2019, plaintiff filed a notice of intent with the Court of Claims stating that he intended to sue defendants for damages resulting from the accident; the notice was dated, signed by plaintiff, and plaintiff's signature was notarized. Plaintiff filed his complaint in the Court of Claims on May 4, 2020, seeking no-fault benefits and asserting a tort claim; the complaint was not verified. On May 26, 2020, plaintiff filed his First Amended Verified Complaint; above plaintiff's signature on the amended complaint was the statement that plaintiff "sign[ed] and verif[ied] this complaint before an officer authorized to administer oaths." Plaintiff's signature was notarized.

Defendants moved to dismiss the amended complaint under MCR 2.116(C)(7) and (10) on the basis that plaintiff did not timely file a verified notice of intent or a verified claim as required by MCL 600.6431. Defendants contended that the notice of intent and original complaint filed by plaintiff were not verified because they did not contain a declaration consistent with MCL 600.6431(2)(d) and MCR 1.109(D)(3)(b).

The Court of Claims denied defendants' motion, concluding that plaintiff's notice of intent satisfied the verification requirement of MCL 600.6431. The Court of Claims held that the jurat verification provided on the notice of intent was a "formal declaration before an officer authorized to administer oaths with respect to the contents of the document so verified." The Court of Claims held that the requirements of MCR 1.109(D)(3) do not apply to a notice of intent filed under MCL 600.6431. The Court of Claims also found that plaintiff's amended complaint was verified as required by MCL 600.6434, and had been timely filed within the time permitted to amend a complaint under the court rules.

Defendants appealed to this Court contending that plaintiff failed to comply with MCL 600.6431, and that plaintiff's claim therefore was subject to dismissal. This Court held the appeal in abeyance pending our Supreme Court's resolution of *Elia Companies, LLC v Univ of Michigan Regen*ts, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162830).

## II. DISCUSSION

## A. STANDARD OF REVIEW

Defendants contend that the Court of Claims erred by denying their motion for summary disposition under MCR 2.116(C)(7) and (10). We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo questions regarding the interpretation and construction of the Court of Claims Act, MCL 600.6401 *et seq*., *Doe v Dep't of Transp*, 324 Mich App 226, 231; 919 NW2d 670 (2018), and questions of governmental immunity, *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018).

A motion for summary disposition under MCR 2.116(C)(7) is warranted when immunity is granted by law. When reviewing a motion for summary disposition under MCR 2.116(C)(7), we consider the documentary evidence submitted by the parties and accept the contents of the

complaint as true unless contradicted by documentation submitted by the non-moving party. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When reviewing the trial court's order granting or denying a motion under MCR 2.116(C)(10), we consider the documentary evidence in the light most favorable to the nonmovant. *Id*. A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

## B. MCL 600.6431

Defendants contend that they are entitled to summary disposition because plaintiff failed timely to file a verified notice of intent to file a claim or a verified claim as required by MCL 600.6431. We disagree.

The GTLA broadly shields governmental agencies from tort liability. *Fairley v Dep't of Corrections*, 497 Mich 290, 297; 871 NW2d 129 (2015). A party seeking to impose liability upon a governmental agency must demonstrate that the claim falls within an exception to governmental immunity. *Id*. at 298. In this case, plaintiff's claim invokes the motor vehicle exception to governmental immunity under MCL 691.1405, which provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner."

A claim brought pursuant to an exception to governmental immunity must be brought in the manner provided in the Revised Judicature Act (RJA). *Fairley*, 497 Mich at 297. Chapter 64 of the RJA is the Court of Claims Act, MCL 600.6401 *et seq*. Section 6431 of that act, MCL 600.6431, "establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA." *Fairley*, 497 Mich at 297. A plaintiff must satisfy the conditions of MCL 600.6431 to "avoid[] the governmental immunity conferred by the GTLA" and "to successfully expose the defendant state agencies to liability." *Id*. at 297-298. Thus, "all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the requirements of MCL 600.6431." *Elia Companies*, ___ Mich at ___; slip op at 3, citing *Christie v Wayne State Univ*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162706); slip op at 11. A plaintiff's failure to strictly comply with MCL 600.6431 mandates dismissal of the claim. *Elia Companies*, ___ Mich at ___; slip op at 4.

MCL 600.6431 provides, in relevant part:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

(a) A statement of the time when and the place where the claim arose.

(b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

(c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

(d) A signature and verification by the claimant before an officer authorized to administer oaths.

(3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies of this state designated in the claim or notice.

(4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim.

Thus, under MCL 600.6431(1), to maintain a claim against the state, a claimant must file a claim or a notice of intent to file a claim within one year after the claim accrues. However, for a claim against the state for property damage or personal injury, "the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim." MCL 600.6431(4). In this case, the parties do not disagree that plaintiff had six months from the date of the event giving rise to his claim to file either a verified notice of intent to file a claim or a verified claim for his personal injuries or property damage, and one year from the date of accrual to file a verified notice of intent or a verified claim for no-fault benefits. The accident allegedly giving rise to plaintiff's claim for personal injury occurred on the night of May 3, 2019. Plaintiff filed his notice of intent in the Court of Claims on November 1, 2019. Plaintiff's notice of intent, having been filed within six months after the accident, met the time requirement of MCL 600.6431(4). Accordingly, the Court of Claims did not err by determining that plaintiff complied with the time requirements of MCL 600.6431.

Defendants contend, however, that plaintiff failed to comply with MCL 600.6431 because plaintiff's notice of intent and original complaint were not properly verified. MCL 600.6431(2)(d) requires that the claim or notice of intent submitted to the Court of Claims contain "[a] signature and verification by the claimant before an officer authorized to administer oaths." The failure to provide a verified claim or notice of intent is a bar to pursuing a claim in the Court of Claims. *McCahan v Brennan*, 492 Mich 730, 743; 822 NW2d 747 (2012). The notice requirements of MCL 600.6431 "must be interpreted and enforced as plainly written and . . . no judicially created saving construction is permitted to avoid a clear statutory mandate." *Id.* at 733.

Plaintiff's November 1, 2019 notice of intent to sue was signed by plaintiff and his attorney, and was notarized with the statement, "[s]ubscribed and sworn to before me this 1 day of November, 2019," along with a signature and information about the notary's commission. The Court of Claims consulted a dictionary definition of "verified," and determined that the word "refers to making some sort of formal declaration before an officer authorized to administer oaths with respect to the contents of the document so verified." The court concluded that plaintiff's notice satisfied the requirement contained in MCL 600.6431 of a verification "before an officer authorized to administer oaths," because plaintiff signed and swore to the notice before a notary public. We agree.

The Michigan Law on Notarial Acts, MCL 55.261, *et seq.*, provides that a "jurat" is "a certification by a notary public that a signer, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has made in the presence of the notary public a voluntary signature and taken an oath or affirmation vouching for the truthfulness of the signed record." MCL 55.265(a). "Verification upon oath or affirmation" in a notarization means "a declaration, made by an individual on oath or affirmation before a notary public, that a statement in a record is true." MCL 55.267(e). The notarization on plaintiff's notice of intent indicates that plaintiff signed the notice under an oath or affirmation to the notary, verifying and certifying that the factual statements set forth in the notice were true. The jurat notarization was sufficient to satisfy the requirements of MCL 600.6431(2)(d) because it contained a "signature and verification by the claimant before an officer authorized to administer oaths." The Court of Claims thus did not err by finding that plaintiff's notice of intent to file a claim was verified.

Defendants argue that the notice and amended complaint did not comply with MCR 1.109. MCL 600.6422 provides that the practice and procedure in the Court of Claims is "governed by the statutes and court rules applicable to proceedings in the circuit court, unless otherwise specifically stated in the [Court of Claims Act]." *Progress Mich v Attorney General*, 506 Mich 74, 93; 954 NW2d 475 (2020). MCR 1.109(D)(3) provides:

> (3) *Verification*. Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by
>
> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or
>
> (b) except as to an affidavit, including the following signed and dated declaration:
>
> "I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.

The Court of Claims concluded that a notice of intent to file a claim is not a "document" to which MCR 1.109(D)(3) applies. The court reasoned that MCR 1.109(D)(3) governs the verification of "documents," which are defined in the court rules as "pleadings, orders, and

judgments," and that a notice of intent to sue is not a pleading, order, judgment, or similar document. See MCR 1.109(A)(1)(b)(*i*) (for purposes of that subrule, "[d]ocuments include, but are not limited to, pleadings, orders, and judgments"). However, the next subrule broadly defines "document" as "a record produced on paper or a digital image of a record originally produced on paper or originally created by an approved electronic means, the output of which is readable by sight and can be printed to 8½ x 11 inch paper without manipulation," MCR 1.109(B), and does not expressly limit the definition to that subrule.

However, regardless of whether plaintiff's notice of intent is a document under the broad definition of "document" in MCR 1.109(B), and thus subject to the subrule governing the verification of documents, plaintiff's jurat notification satisfies MCR 1.109(D)(3)(a) as an "oath or affirmation of the party or of someone having knowledge of the facts stated." Plaintiff had knowledge of the facts stated in the notice because they involved his accident and health, and his signature and the jurat notarization were statements indicating that plaintiff had sworn that the factual statements were true. Regardless of the applicability of MCR 1.109(D)(3), the Court of Claims did not err in concluding that plaintiff's notice of intent was verified. Because plaintiff's notice of intent to file a claim was verified and timely filed, plaintiff fully complied with the requirements of MCL 600.6431.

## C. MCL 600.6434

Defendants also contend that plaintiff's original complaint was not verified and the amended complaint, though verified, was not filed until after the time limit for complying with MCL 600.6431. We agree, but conclude that the Court of Claims did not err by holding that plaintiff's amended complaint was not subject to dismissal under MCL 600.6431.

MCL 600.6434 provides, in relevant part:

(1) Except as provided in this section, the pleadings shall conform to the rules for pleadings in the circuit courts.

(2) The complaint shall be verified. The pleadings of the state need not be verified.

The parties do not dispute that plaintiff's May 4, 2020 complaint was not verified; it contained only the signature of plaintiff's counsel. Plaintiff's May 26, 2020 amended complaint, however, was verified; it was signed by plaintiff and his attorney, and was notarized with the "subscribed and sworn to before me" language we have determined to be adequate to meet the verification requirement. Although MCL 600.6431 and MCL 600.6434 have different functions, the verification requirement is the same for both statutes. *Progress Mich*, 506 Mich at 93. We have concluded that plaintiff's notice of intent to file a claim was verified; we similarly conclude that plaintiff's amended complaint, verified in the same manner as the notice, similarly is verified.

Defendants argue, however, that regardless of whether the amended complaint is verified, it was not timely filed because "plaintiff, unlike the plaintiff in *Elia Companies*, did not commence a civil action within the time periods under MCL 600.6431, [and therefore] no amendment [to the complaint] under MCR 2.118 could cure his failure to comply with the Court of Claims [act]." The function of MCL 600.6431 differs from that of MCL 600.6434. See *Progress Michigan*, 506 Mich at 93. MCL 600.6431 sets forth the time period during which a plaintiff must advise the

-6-

state of a claim by either filing a verified claim or a verified notice of intention to file a claim. MCL 600.6431 requires a claimant to file with the Court of Claims *either* a written claim *or* a written notice of intention to file a claim against the state within the specified time period. MCL 600.6434 does not set forth a time limit for filing the complaint, but rather requires that the complaint be verified and specifies the manner of filing.

In this case, plaintiff filed a verified notice of intention to file a claim within the time period specified in MCL 600.6431. Plaintiff thereby fully complied with MCL 600.6431 as required to proceed with his suit against defendants. See *Elia Companies*, ___ Mich at ___; slip op at 4. Under MCL 600.6434, plaintiff's complaint was required to be verified; however, plaintiff was *not* required to file *both* his verified notice of intent and his verified complaint within the time period specified in MCL 600.6431. Having complied with MCL 600.6431 by timely filing his notice of intent, plaintiff was not required also to file his verified complaint within the time period established by MCL 600.6431.

We note the distinction between the facts of this case and those of *Elia Companies*. In *Elia Companies*, the plaintiff did not file a verified notice of intent to file a claim, and although the plaintiff filed a complaint within the time period specified by MCL 600.6431, the complaint was not verified. The defendants moved for summary disposition because plaintiff had not complied with MCL 600.6431. The Court of Claims granted the motion, but this Court reversed in part holding that the plaintiff could comply with MCL 600.6431 by amending the complaint to add verification even though the period for filing the verified notice of intent or a verified claim had passed. See *Elia Companies*, ___ Mich at ___; slip op at 2-3. Our Supreme Court reversed and remanded for entry of summary disposition in favor of the defendants, holding that because the plaintiff had not filed a verified claim or verified notice of intent to file a claim within the time period of MCL 600.6431, no amendment to the complaint could satisfy the requirements of MCL 600.6431, which was required to avoid dismissal of the plaintiff's claim against the state. *Id*. at ___; slip op at 4.

Here, however, plaintiff fully complied with MCL 600.6431 by timely filing a verified notice of intent to file a claim. Having done so, plaintiff's complaint was not subject to the time requirements of MCL 600.6431. Plaintiff was required to satisfy the requirement of MCL 600.6434 that the complaint be verified, but that statutory section does not implicate the filing requirements of MCL 600.6431.

We conclude that plaintiff's notice of intent to file a claim was verified and timely filed in accordance with MCL 600.6431. Plaintiff's amended complaint also was verified and therefore met the verification requirement of MCL 600.6434(2). Because plaintiff fully complied with the requirements of MCL 600.6431 by timely filing a notice of intent to file a claim, plaintiff was not also required to file his verified complaint within the time period specified by MCL 600.6431.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron